JOHNSTOWN MANUFACTURING, INC.,
a.k.a. LYNN POLYMERS, INC.,
APPELLANT, *v.* HAYNES;
BANCOHIO NATIONAL BANK,
APPELLEE.

(No. 88AP-136—Decided
September 13, 1988.)

*Postlewaite & O'Brien* and *Charles C. Postlewaite,* for appellant.

*Vorys, Sater, Seymour & Pease* and *John J. Kulewicz,* for appellee.

BOWMAN, J. Appellant, Johnstown Manufacturing, Inc. ("Johnstown"), has appealed from a summary judgment granted by the Franklin County Court of Common Pleas in favor of appellee, BancOhio National Bank ("BancOhio"). Clay Haynes is not a party to this appeal.

Clay Haynes was the bookkeeper for Johnstown and had express check signing authority. Haynes was also the bookkeeper of another corporation, Lynn Polymers, Inc., which was operated by the same individuals that operated Johnstown. Over the period of approximately one year, Haynes engaged in a check cashing scheme from which he pocketed approximately $70,000. Haynes wrote thirty-five corporate checks to the order of BancOhio and the bank, in return, would give the cash to Haynes. Thirty-four of the

checks were written on the Lynn Polymers account, while only one for $300 was written on the Johnstown account.

The trial court, in its written decision, acknowledged that Lynn Polymers, Inc. was not a party to the action. Therefore, Johnstown could only properly assert a claim on the $300 check. This court finds that only the circumstances surrounding the cashing of the $300 check are properly before this court.

Appellant has set forth the following assignments of error:

"I. The trial court erred in refusing to take into consideration plaintiff's/appellant's answers to the inappropriately drafted requests for admissions to rule on defendant's motion for summary judgment.

"II. The lower court erred in drawing a conclusion that between the employer/drawer and the bank/drawee, the employer should always be held liable when there is employer negligence in handling its account, and that said negligence should be presumed to be greater than any negligence of the bank."

As part of the discovery process, BancOhio served Johnstown with a request for admissions, pursuant to Civ. R. 36. The request was in technical violation of Civ. R. 36(C), which requires a minimum of one inch of vertical space between requests. The request did substantially comply because the space between requests averaged approximately seven-eighths of an inch. Actually, when viewed, each space looked like one inch, but a measurement verified the violation.

Johnstown did not answer the request for admissions until shortly before the non-oral hearing date for decision on the motion for summary judgment. This was over three months after the answers were due. Johnstown relies on the space violation in justifying its delay, and now requests this court to find error in the trial court's decision to find the requests admitted. This we cannot do.

Civ. R. 36(A) provides, as pertinent, in regard to a request for admissions:

"* * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * *"

Civ. R. 36(B) provides, as to the effect of an admission, as follows:

"Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * *"

The rule, as set forth above, clearly establishes the remedies available to a party who finds that the request for admissions is improper. A party may object, thereby preventing the admission, or if already admitted he may file a motion to withdraw or amend the admission. Johnstown did none of the above. Nowhere in the rules or case law is there ground to support the inaction taken by Johnstown. Therefore, appellant's first assignment of error is not well-taken.

By a summary judgment, the trial court decided the merits of this case as they relate to BancOhio. Summary judgment is proper if there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence

against the moving party and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris* v. *Ohio Standard Oil Co.* (1982), 70 Ohio St. 2d 1, 24 O.O. 3d 1, 433 N.E. 2d 615; *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46. Appellant asserts that the trial court erred in summarily disposing of the issue of the bank's negligence.

The facts are not in dispute. Clay Haynes' signature was on the signature card at BancOhio for the Johnstown account. Haynes wrote one check to the order of BancOhio from the Johnstown account without the express authority of the corporation. As part of the transaction the bank gave Haynes money in the amount of the check written which he kept for his personal use. The real issue presented by these facts is who should be liable for the acts of the unfaithful servant.

While the scenario of an unfaithful servant is not an uncommon one, the facts do present an unusual situation. BancOhio in this case is the payee, the payor bank, and the depository bank.[1]

It should be clarified at this point that this is not a case involving an "unauthorized" signature, as that term is used within the code. R.C. 1301.01 defines an "unauthorized signature":

"(QQ) 'Unauthorized' signature or indorsement means one made without actual, implied, or apparent authority and includes a forgery."

Haynes was acting within the scope of his apparent authority when he signed the check. The concept of apparent authority has been explained as follows:

"* * *Agency by estoppel or apparent authority occurs when a person dealing with an agent acting outside the scope of his or her authority reasonably believes the agent's conduct to be within the scope of authority due to conduct by the principal; in this situation, the principal is estopped from denying that the agent's actions were within the scope of authority. * * *" *Funk* v. *Hancock* (1985), 26 Ohio App. 3d 107, 110, 26 OBR 317, 320, 498 N.E. 2d 490, 494. See, also, *Cascioli* v. *Central Mut. Ins. Co.* (1983), 4 Ohio St. 3d 179, 182, 4 OBR 457, 460, 448 N.E. 2d 126, 129, fn. 4.

Because Haynes was expressly authorized by Johnstown to sign checks, and because he routinely handled corporate banking, it was reasonable for BancOhio to believe Haynes was acting within the scope of his authority when he signed the check in issue. While Haynes was not authorized by Johnstown to conduct this transaction, the signature, for purposes of commercial code analysis, was authorized. Therefore, none of the code sections dealing with unauthorized signatures applies to this case.

When BancOhio took possession of the check it became a "holder." R.C. 1301.01(T). If BancOhio was also a holder in due course, Johnstown was barred from asserting negligence against the bank. R.C. 1303.31 provides, in part:

"(A) A holder in due course is a holder who takes the instrument:

"(1) for value; and

---

[1] R.C. 1304.01(A) provides in pertinent part:

"(12) 'Depository bank' means the first bank to which an item is transferred for collection even though it is also the payor bank;

"(13) 'Payor bank' means a bank by which an item is payable as drawn or accepted[.]"

"(2) in good faith; and

"(3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

"(B) A payee may be a holder in due course."

Although Johnstown disputed the point, BancOhio clearly gave "value" for the instrument because there was an exchange of consideration. R.C. 1303.02. In exchange for the check the bank gave Haynes $300 cash. The bank also acted in good faith. "Good faith" is defined in R.C. 1301.01(S) as "honesty in fact in the conduct or transaction concerned." The record is void of any evidence that the bank employee did not act with honesty in fact.

Lastly, the bank did not have notice that the transaction was not authorized by Johnstown. R.C. 1301.01(Y) states:

"A person has 'notice' of a fact when:

"(1) he has actual knowledge of it; or

"(2) he has received a notice or notification of it; or

"(3) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.

"A person 'knows' or has 'knowledge' of the fact when he has actual knowledge of it. * * *"

The Ohio Supreme Court held that "* * * the mere arousal of suspicion by the circumstances alone is not sufficient evidence of 'knowledge' of a claim or defense. * * *" G.F.D. Enterprises, Inc. v. Nye (1988), 37 Ohio St. 3d 205, 211, 525 N.E. 2d 10, 16. Neither is the mere knowledge that the person negotiating the instrument stands in the position of a fiduciary sufficient to give notice. R.C. 1303.33 (D)(5); G.F.D. Enterprises, supra. The fact that Haynes wrote a check payable to the bank for cash may have aroused the suspicion of a bank employee, but the circumstances gave no reason to know the transaction was unauthorized. Finally, a payee in the position of BancOhio may become a holder in due course under the same circumstances as any other holder. G.F.D. Enterprises, supra, at 211, 525 N.E. 2d at 16.

Thus, BancOhio has met all the requirements of being a holder in due course and, as a result, enjoys a preferred status in the law. As a holder in due course, BancOhio takes the instrument free of all claims and defenses except those defenses listed in R.C. 1303.34, none of which is applicable here. Appellant's second assignment of error is not well-taken.

For the foregoing reasons, appellant's assignments of error are not well-taken and are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

McCormac and Young, JJ., concur.