[AMY & ASSOCIATES, INC., d.b.a.] CENTURY 21 APEX REALTY, Appellee,

v.

HADDAD, Appellant.

[Cite as *Century 21 Apex Realty v. Haddad* (1990), 67 Ohio App.3d 155.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–115.

Decided March 30, 1990.

*Salvatore C. Molaro, Jr.*, for appellee.

*Steven M. Burke*, for appellant.

HANDWORK, Presiding Judge.

This matter is before the court on appeal from the February 23, 1989 judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellee, Amy & Associates, Inc., d.b.a. Century 21 Apex Realty.

On May 10, 1985, appellant, Charlotte J. Haddad, entered into an "Exclusive Right to Sell Agreement" with appellee to sell appellant's home. The agreement provided, in pertinent part, as follows:

"In consideration of Amy & Associates' agreement to use its efforts to find a purchaser, we hereby grant Amy & Associates the exclusive right for 6–12

months from date hereof, to sell the property known as 5348 Talmadge for the sum of [$]69,900 in cash or upon any other price, terms, or exchange to which we consent in writing. We shall accept an offer with Purchaser using VA, FHA, Mgic, Conventional, Other _____ financing.

"If an offer is secured on the above terms, or an offer is obtained to which we consent in writing, * * * we agree at that time to pay Amy & Associates a fee of 7% on the total selling price * * *."

Appellant admits that on September 13, 1985, an offer was made to purchase the property for $69,900 subject to a termite inspection. Appellant refused to accept the offer because the listing agreement did not provide for a termite inspection. Appellee thereafter filed this action to collect the commission allegedly due under the listing agreement on the ground that it found a ready, willing, and able buyer and appellant wrongfully rejected the offer.

The trial court granted summary judgment in favor of appellee. On appeal, appellant asserts a single assignment of error, which reads as follows:

"The trial court erred in granting the plaintiff's motion for summary judgment that there is no genuine issue as to any material fact, more specifically, that the plaintiff-appellee fulfilled every term and obligation of the exclusive right to sell agreement by submitting their [*sic*] September 13, 1985 offer."

Summary judgment is an appropriate device to terminate litigation where there is no issue to try. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616. Summary judgment is appropriate where the moving party has demonstrated:

"(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

Appellant makes three arguments on appeal. First, appellant argues that appellee did not prove that the purchasers tendered performance or that they were ready, able, and willing to purchase the property. Second, appellant contends that appellee never had the termite inspection performed. Third, she argues that the termite inspection made the offer conditional and appellant was not obligated under the listing agreement to accept such an offer.

With regard to the first argument, proof of the tender of performance was not necessary because the time for performance had not yet arisen. The

purchaser had made an offer and appellant refused to accept it. Appellee's suit is founded on the ground that appellant was contractually obligated to accept the offer. Whether or not the purchasers could tender performance is irrelevant to this case.

■ With regard to the second argument, we find that it was unnecessary for appellee to proceed with the termite inspection following appellant's refusal to accept the offer. To do otherwise would only have increased appellee's damages.

■ Finally, with regard to the third argument, the listing agreement indicates in the paragraphs quoted above that appellee has the exclusive right to sell the property for $69,900 in cash. Any other terms regarding the purchase price had to be consented to in writing. Appellant also consented to the purchaser's use of certain mortgage financing. The contract does not indicate on its face whether appellant was obligated to accept an offer conditioned upon the property passing a termite inspection. No evidence was presented to support a finding that the terms of the contract should be interpreted as including an obligation to accept a termite inspection. Therefore, we find that a genuine issue of material fact exists. Accordingly, it was improper for the trial court to grant summary judgment in this case. Appellant's sole assignment of error is found well taken.

*Judgment reversed*
*and cause remanded.*

ABOOD, J., concurs.

GLASSER, J., dissents.