HUMPHREY, APPELLANT, *v.* DENT, APPELLEE.

[Cite as Humphrey v. Dent (1980), 62 Ohio St. 2d 273.]

(No. 79-561—Decided June 4, 1980.)

274

*Messrs. Pees & Behal* and *Mr. Randall W. Pees,* for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Charles E. Brown* and *Mr. Steven B. Ayers,* for appellee.

*Per Curiam.* Appellant, in his first proposition of law, asks this court to adopt a rule of comparative negligence. This court, in *Baab* v. *Shockling* (1980), 61 Ohio St. 2d 55, 57, recently reaffirmed its decision not to judicially alter the law in this area and held that any change in the law should emanate from the General Assembly.[2] Accordingly, appellant's first proposition of law is overruled.

Appellant, in his second proposition of law, asserts, in essence, that the lower court erred by directing a verdict in favor of appellee and determining that appellant was guilty of contributory negligence as a matter of law.

As noted herein, the Court of Appeals affirmed the trial court's directed verdict only on the basis that appellant was contributorily negligent due to his failure to look effectively to discover danger.

The test in directing a verdict is whether, after construing the evidence most strongly in favor of the party against whom the motion is directed, the court finds that reasonable minds can come to but one conclusion, that conclusion being adverse to such party. Civ. R. 50(A)(4). In the instant cause, the evidence must be construed most strongly in favor of the appellant.

---

[2] Subsequent to the filings and oral arguments herein, we note that the General Assembly, in Am. S. B. No. 165, effective June 20, 1980, has enacted R. C. 2315.19 to substitute a form of comparative negligence for the common-law doctrine of contributory negligence in the determination of the right of recovery and amount of damages in negligence actions.

It is undisputed that appellant was under a duty to exercise ordinary care to avoid a collision even if the oncoming car was approaching illegally at a high rate of speed. Yet, one does not have to anticipate the negligence of another. In *Trentman* v. *Cox* (1928), 118 Ohio St. 247, the second paragraph of the syllabus reads as follows: ·

"The failure of a pedestrian to anticipate negligence on the part of the driver of the automobile does not defeat an action for the injury sustained."

*Trentman, supra,* is factually similar to the instant cause, except that the injured party, in *Trentman,* was a pedestrian. The court, in *Trentman,* properly determined that a directed verdict was not proper and that the question as presented should be determined by a jury.

Furthermore, in *Smith* v. *Zone Cabs* (1939), 135 Ohio St. 415, 422, the court stated:

"In *Knapp* v. *Barrett, supra* [ (1915) 216 N.Y. 226, 110 N.E. 428], Judge Cardozo, later justice of the Supreme Court of the United States, said the law does not even say that because a pedestrian 'sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; *and whether he is negligent in going forward, will be a question for the jury.* If he has used his eyes, and *has miscalculated the danger, he may still be free from fault.'* " (Emphasis added.)

In the instant cause, there is sufficient evidence to indicate that appellant's determination to proceed was reasonable based on appellee's speed and position at the time appellant attempted to cross the intersection. The acceleration of appellee's vehicle was not anticipated by appellant, and therefore the latter can not be considered contributorily negligent *according to law* just because the collision did occur. Rather, we hold that appellant's contributory negligence is a question for a jury's determination.

A person does not have the continuous duty to use his faculties for his own safety at all times and to use them only in the most effective manner. If such a duty were imposed herein, it would go beyond appellant's common-law duty to exercise ordinary care. *Wolfe* v. *Baskin* (1940), 137 Ohio St. 284.

This court, being of the opinion that the evidence as presented, construed most strongly in favor of the appellant, does not show contributory negligence as a matter of law, finds that the trial court erred by directing a verdict in appellee's favor. Therefore, the judgment of the Court of Appeals is reversed and the cause remanded to the trial court for a new trial in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

HERBERT and P. BROWN, JJ., concur in the judgment.