NORRIS ET AL., APPELLANTS, *v.*
OHIO STANDARD OIL CO. ET AL., APPELLEES.

(No. 81-895—Decided April 7, 1982.)

*Messrs. Pees & Behal* and *Mr. Randall W. Pees,* for appellants.

*Messrs. Brown, Bemiller, Murray & McIntyre* and *Mr. John T. Brown,* for appellees.

*Per Curiam.*    Appellants set forth in their initial proposition of law that:

"A motorist whose lane is obstructed by a snowdrift is excused from complying with R. C. §4511.25, the 'left of center' statute. * * * "

The issue before us here is whether defendants-appellees' motion for summary judgment was properly granted.

"Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. *Petroff* v. *Commercial Motor Freight, Inc.* (1960), 82 Ohio Law Abs. 433; *Horvath* v. *Fisher Foods, Inc.* (1963), 93 Ohio Law Abs. 182; *Norman* v. *Thomas*

*Emery's Sons, Inc.* (1966), 7 Ohio App. 2d 41; *Morris* v. *First Natl. Bank & Trust Co.* (1970), 21 Ohio St. 2d 25. A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Kwait* v. *John David Management Co.* (1974), 42 Ohio App. 2d 63." *Vetovitz Bros., Inc.,* v. *Kenny Constr. Co.* (1978), 60 Ohio App. 2d 331, 332.

To warrant a summary judgment in a tort action the trial court must properly conclude that:

" * * * (1) the defendant was not negligent, *or* (2) that the plaintiff has assumed the risk, *or* (3) that the plaintiff was contributorily negligent." (Emphasis *sic.*) *Rainey* v. *Harshbarger* (1963), 7 Ohio App. 2d 260, 264.

The Court of Appeals found in appellees' favor in each instance stated above, though any one ground is sufficient to sustain the summary judgment.

Appellants' first proposition of law involves construction of R. C. 4511.25(A)(2). We note at the outset that the issue of comparative negligence was not raised below and is not properly before us now. R. C. 4511.25, in part, provides:

"(A) Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway, except as follows:
" * * *

"(2) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard."

This statute was enacted in its present form in 1975, and postdates *Dibert* v. *Ross Pattern & Foundry Development Co.* (1957), 105 Ohio App. 264, which was relied on by appellees and the Court of Appeals. The statute construed in *Dibert, supra,* excused driving on the left when the "right half of the roadway * * * [was] closed to traffic," and included no requirement that a car proceeding on the left yield to oncoming traffic. We agree with appellants that the General Assembly intended, in making the changes in the former statute, to per-

mit a motorist to drive left of center when his lane is obstructed, as by a snowdrift. The motorist driving left of center must yield, however, to oncoming traffic, constituting an immediate hazard. In light of the record before us, Norris' failure to yield to Hetler was a violation of R. C. 4511.25(A)(2), and constituted contributory negligence as a matter of law. Summary judgment for appellees was appropriate on this ground, and we need not consider appellants' other propositions of law.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SWEENEY, Acting C. J., VICTOR, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

STEPHENSON, J., concurs in the judgment.

C. BROWN, J., dissents.

STEPHENSON, J., of the Fourth Appellate District, sitting for CELEBREZZE, C. J.

VICTOR, J., of the Ninth Appellate District, sitting for W. BROWN, J.

CLIFFORD F. BROWN, J., dissenting. The accident in question occurred the day after the infamous "Blizzard of '78." The majority has recognized that, under those unusual circumstances, plaintiff was justified in travelling left of center.[1] They go on to conclude, however, that "Norris' failure to yield to Hetler was a violation of R. C. 4511.25(A)(2), and constituted contributory negligence as a matter of law." However, only an unexcused failure to comply with a statute constitutes negligence *per se. Zehe* v. *Falkner* (1971), 26 Ohio St. 2d 258; *Spaulding* v. *Waxler* (1965), 2 Ohio St. 2d 1. Plaintiff should have been given the opportunity to prove that his actions were excusable. The majority's conclusions not only invade the jury function but preclude recovery by any plaintiff who exercises his statutory right to cross left of center when

---

[1] The majority recognized that R. C. 4511.25(A)(2) permitted plaintiff to drive left of center *"[w]hen an obstruction exists* making it necessary to drive * * * left of * * * center * * *."* The language of R. C. 4511.25(A)(2) is set forth verbatim in the majority opinion. The obstruction in the form of a snowdrift permitted plaintiff to drive "left of center" within the terms of this statute.

confronted with an obstruction in his lane. I cannot agree with this reasoning and I therefore dissent.

R. C. 4511.25 imposes upon a person in the position of the plaintiff a duty to yield the right of way to an approaching vehicle. However, the statute does not specifically indicate what constitutes failure to "yield." If road conditions precluded plaintiff from moving completely off the road in order for defendant to pass, it is for the jury to determine whether the actions he did take constituted "failure to yield."

In my opinion, plaintiff fulfilled his statutory obligation to yield. Prior to seeing the approaching truck, plaintiff was travelling approximately 10-15 miles per hour. Upon discerning the danger of defendant's vehicle at the crest of the hill, plaintiff brought his vehicle to a stop where it rested until struck by the defendant. Plaintiff thus did everything possible to avoid a collision.

Moreover, because the plaintiff was not operating his vehicle in the defendant's lane "in a manner contrary to law", R. C. 4511.21 placed upon the defendant the duty to maintain an assured-clear-distance ahead.

The defendant's duty to exercise ordinary due care in maintaining an assured-clear-distance exists even when the vehicle in question is cresting a hill. *Cerny* v. *Domer* (1968), 13 Ohio St. 2d 117. In that instance, a driver is negligent if he operates a vehicle "at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel * * * ." *Smiley* v. *Arrow Spring Bed Co.* (1941), 138 Ohio St. 81, paragraph two of the syllabus.

In the present case, plaintiff concedes that when he started into the northbound lane he was, or should have been, aware that a lawfully operated vehicle might be approaching the crest of the hill. However, he had no duty to anticipate that any approaching vehicle would be driven in an unlawful or unreasonable manner. *Humphrey* v. *Dent* (1980), 62 Ohio St. 2d 273, 276; *Trentman* v. *Cox* (1928), 118 Ohio St. 247, paragraph two of the syllabus, and *Norris* v. *Jones* (1924), 110 Ohio St. 598, paragraph three of the syllabus.

The fact that the defendant was operating his truck at a speed of 35-40 m.p.h. in a 35 m.p.h. zone on the day after a

blizzard on a street covered with snow and ice is certainly *some* evidence that he was not exercising ordinary care. Moreover, the plaintiff offered evidence of the overall treacherous road conditions including the fact that many of the roads in the area were either completely or partially closed. Even if defendant was within the posted speed limit a jury could have reasonably concluded that such speed was in excess of that which could be considered safe under the circumstances.

A further point must be emphasized. Plaintiff's duty to yield to defendant under R. C. 4511.25(A)(2) presupposes that defendant had the "right of way." A "right of way," however, may be lost if the driver is not operating his vehicle in "a lawful manner in the direction in which * * * he is moving."[2] Just as a jury question existed as to whether defendant was travelling in a manner contrary to law, both the existence of a "right of way" in the defendant as well as a duty in the plaintiff to "yield the right of way" likewise presented jury questions. Reasonable minds could have differed on any or all of these points.

Merely because a collision occurs as a consequence of plaintiff's actions does not justify finding that the plaintiff is contributorily negligent as a matter of law. *Humphrey* v. *Dent, supra.* Even the fact that a plaintiff, in violation of a statute, drives upon a public highway which is closed to traffic, does not necessarily bar recovery.[3]

---

[2] R. C. 4511.01 (UU) defines "right of way" and provides in pertinent part:

" 'Right of way' means the right of a vehicle, * * * to proceed uninterruptedly *in a lawful manner* in the direction in which it or he is moving in preference to another vehicle, * * * approaching from a different direction into its or his path." (Emphasis added.)

See, also, *Morris* v. *Bloomgren* (1933), 127 Ohio St. 147, which held that a right of way is lost by a driver proceeding in an unlawful manner.

[3] In *Hine* v. *Eikler* (1923), 19 Ohio App. 510, 515-516, the court articulated the following rule:

" * * * Unless the plaintiff has done something which persons of ordinary prudence and moral sense would feel to be careless and morally wrong, involving a reasonable possibility of injury, either to himself or * * * [another] * * * , he should not be debarred from his right of action for negligence.

" * * *

" 'It is not enough that had it not been for plaintiff's disobedience of the law he might not have been present, and that the accident would not have happened. Most injuries would have been obviated had there been no one present to be hurt. * * * ' "

Thus, although the law may presume negligence from a violation of a statute, the law does not, from that presumption alone, presume that such negligence was the proximate cause of the injury. *Smith* v. *Zone Cabs* (1939), 135 Ohio St. 415. The issue of proximate cause remains a question for jury determination. *Schell* v. *DuBois* (1916), 94 Ohio St. 93; *Hine* v. *Eikler* (1923), 19 Ohio App. 510.

Plaintiff was lawfully in the lane long before the defendant reached the point where the collision was inevitable. Moreover, the plaintiff offered expert testimony to the effect that at defendant's rate of speed it would have been impossible for him to avoid a collision with the plaintiff. In the face of these allegations, the questions of proximate cause and negligence on the part of the defendant motorist must be submitted to the jury. *Hangen* v. *Hadfield* (1939), 135 Ohio St. 281, paragraph one of the syllabus. See *Cerny* v. *Domer, supra; Smiley* v. *Arrow Spring Bed Co., supra.*

In the present case, the record contained evidence of defendant's negligence and a direct causal connection between the defendant's negligence and the plaintiff's injury. Reasonable minds could have differed and summary judgment was inappropriate.

The following passage excerpted from *Humphrey* v. *Dent, supra,* at page 276, is consistent with this position:

" 'In *Kanapp* v. *Barrett, supra* [ (1915), 216 N.Y. 226, 110 N.E. 428], Judge Cardozo, later Justice of the Supreme Court of the United States, said the law does not even say that because a pedestrian "sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; and *whether he is negligent in going forward, will be a question for the jury.* If he has used his eyes and has miscalculated the danger, he may still be free from fault." ' " (Emphasis *sic.*)

The Court of Appeals concluded that the plaintiff's act of crossing the center line was negligence *per se.* Apparently, the trial court did likewise. This court however has held that plaintiff acted reasonably in traversing the center line but that his failure to yield constituted negligence as a matter of law. If reasonable minds could differ as to the applicability of R. C. 4511.25 in allowing plaintiff to cross center, so too could

reasonable minds differ as to whether plaintiff "failed to yield" to defendant's vehicle.

The majority implies that even though legally left of center, once there, a plaintiff is fair game for *any* form of conduct on the part of a defendant. I cannot believe that it was the intent of the General Assembly in enacting R. C. 4511.25 to deny recovery—*as a matter of law*—to a plaintiff who, in the aftermath of a blizzard, crosses the center line. Rather, the question remained for the jury to determine whether the provisions of R. C. 4511.21 and 4511.25, together with "right of way" as defined in R. C. 4511.01(UU), were violated and whose negligence was the proximate cause of the ensuing accident.[4]

The decision today says the plaintiff is not negligent driving left of center to avoid a snowbank obstruction, but is negligent as a matter of law by having his car struck while in the left lane. In effect this is saying a plaintiff is not negligent when he is negligent, and vice versa. Such decision creates utter confusion for lawyers and judges in applying R. C. 4511.21, 4511.25(A)(2) in conjunction with R. C. 4511.01(UU) to future cases where the evidence makes such statutes applicable.

---

[4] The majority decision *sub silentio* assumes defendant's right of way was absolute. Therefore, the majority decision conflicts with *Morris* v. *Bloomgren, supra; George Ast Candy Co.* v. *Kling* (1929), 121 Ohio St. 362; 58 A.L.R. 1186; *Heidle* v. *Baldwin* (1928), 118 Ohio St. 375; *Gratziano* v. *Grady* (1948), 83 Ohio App. 265, construing predecessors to R. C. 4511.41, right of way at intersection. It conflicts with *Deming* v. *Osinski* (1969), 21 Ohio App. 2d 89, at 93, construing R. C. 4511.42, right of way in turning left. It conflicts with *Jones* v. *Harmon* (1930), 122 Ohio St. 420, at page 422, construing predecessor to R. C. 4511.43, right of way at through highways, stop signs, yield signs. It further conflicts with *Beers* v. *Wills* (1962), 172 Ohio St. 569; *Times Square Garage Co.* v. *Spencer* (1929), 121 Ohio St. 77; and *Bennett* v. *Krauss* (1956), 100 Ohio App. 495, construing R. C. 4511.44, right of way on public highway.

Apparently the majority decision may be used as authority for the proposition that a summary judgment may be granted on the issue of liability in favor of a *plaintiff* travelling unlawfully over the crest of a hill if he is injured when he collides with a defendant's vehicle lawfully proceeding left of center to avoid an obstruction.