OHIO CASUALTY INSURANCE COMPANY, APPELLANT; STEWART, APPELLEE, *v.* GUDGER, APPELLEE.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE, *v.* STEWART, APPELLANT.

(Nos. 82AP-525 and 82AP-526—Decided November 30, 1982.)

*Messrs. Earl & Warburton* and *Mr. Dick M. Warburton, Jr.,* for appellants Ohio Casualty Ins. Co. and Tracy L. Stewart.

*Messrs. Hamilton, Kramer, Myers, Summers & Cheek* and *Mr. William L. Geary,* for appellees State Farm Mut. Auto. Ins. Co. and Margaret T. Gudger.

MOYER, J. This matter is before us upon the consolidated appeals of plaintiff-appellant Ohio Casualty Insurance Company, in case No. 82AP-525, and defendant-appellant Tracy L. Stewart, in case No. 82AP-526, from a judgment of the Municipal Court of Franklin County in these cases which were consolidated in the trial court. The judgment was rendered in favor of plaintiff-appellee State Farm Mutual Automobile Insurance Company on its complaint against defendant Tracy L. Stewart ("Stewart") and in favor of defendant-appellee Margaret T. Gudger ("Gudger") on the complaint filed against her by plaintiff Ohio Casualty Insurance Company and plaintiff-appellee Perry Stewart.

We observe that a cross-appeal has also been filed in both cases. However, because the cross-appeal was filed on June 11, 1982 from judgments rendered on January 4, 1982 and January 21, 1982, and because the cross-appellants have not argued their cross-appeal either in brief or in oral argument, the notice of cross-appeal is *sua sponte* dismissed.

The facts in both cases are the same. At approximately 9:45 p.m. on December

5, 1980, Stewart was operating a motor vehicle southbound on Stelzer Road when she struck a motor vehicle driven by Gudger, which was also traveling southbound and had just left the driveway on the property of Jack Jones, a witness to the accident. The pavement was wet, and the speed limit in the area was forty-five m.p.h. Stewart admitted traveling forty-eight m.p.h.

Witness Jack Jones testified that Gudger had just delivered a newspaper to his house and was re-entering Stelzer Road in a southbound direction when he saw a car driven by Stewart coming through a traffic light at the intersection of McCutcheon Road and Stelzer Road to the north of his house; that said car proceeded southbound on the roadway through a dip in the road and then into the rear of the Gudger automobile; and that the speed of the Stewart car, as it was approaching, was approximately fifty-five to sixty m.p.h. Jones stated that, as he observed the Stewart automobile proceed down the hill, he thought it was unusual that the car did not start braking because the Gudger automobile had pulled into Stelzer Road and was starting a slow acceleration; that he observed the Stewart car swerve to the right to avoid an impact and estimated that the Stewart automobile was traveling about fifty-five m.p.h. just before the impact; and that Stewart had stated to him at the scene of the accident that: "* * * she had never seen the car." He estimated that the Gudger automobile traveled about ten feet on Stelzer Road before it was hit, and that it was traveling two to five m.p.h. Jones further testified regarding the length of the dip in the road and the visibility from his driveway to the top of the hill at McCutcheon Road. He also testified that no more than ten seconds elapsed from the time he saw the Stewart automobile at the top of the hill at McCutcheon Road and the time of impact.

Gudger testified that McCutcheon Road was possibly sixty to seventy yards from the point of impact; that she lived several houses away from the accident site; and that she thought she had enough time to get out of the driveway without being hit by the Stewart automobile, which she said she saw on the other side of McCutcheon Road.

The highway patrol officer who investigated the accident testified that the point of impact was four-tenths of a mile south of McCutcheon, and that Stewart had told him at the scene of the accident that she had been traveling forty-eight m.p.h. Stewart and Ohio Casualty Insurance Company, in their motion for a judgment notwithstanding the verdict or for a new trial, proffered testimony of the same patrol officer that corrected two reference points he identified at trial which referred to the lowest point in the dip in the roadway, a telephone pole alongside the roadway and the point of the collision. In overruling the motion, the trial court stated that it had based its decision not only on the erroneous testimony but also on other evidence, including the credibility of the witnesses, the road conditions and the parties' testimony regarding speed of the vehicles.

Stewart testified that she was traveling to the airport when the accident occurred; that she did not realize there was going to be an accident until she nearly hit Gudger and was braking and down shifting to avoid the accident; that she first saw the Gudger car when she was approximately seventy-five feet from it; and that she was traveling forty-five to fifty m.p.h. Also included in the evidence is a statement provided by Stewart immediately following the accident which reveals several discrepancies between her testimony then and at the time of trial.

Appellants raise the following three assignments of error in support of their appeal:

"1. The finding of the trial court that Tracy Stewart was negligent and her negligence was the sole proximate cause of the accident was against the manifest

weight of the evidence and contrary to law.

"2. The finding of the trial court that Margaret Gudger was free from negligence was against the manifest weight of the evidence and contrary to law.

"3. The court erred in overruling the motion of the Stewarts for a new trial."

The first two assignments of error are interrelated and are considered together. The duty of Mrs. Gudger as she left the Jones driveway is stated in R.C. 4511.44, which provides as follows:

"The operator of a vehicle, streetcar, or trackless trolley about to enter or cross a highway from any place other than another roadway shall yield the right of way to all traffic approaching on the roadway to be entered or crossed."

A vehicle traveling upon a roadway has the right-of-way to proceed uninterruptedly in preference to a vehicle entering the highway from a private driveway. However, the preference is qualified by the requirement that the vehicle on the roadway must proceed in a lawful manner. The automobile with the preference loses its absolute right to proceed uninterruptedly if it fails to proceed in a lawful manner. *Beers* v. *Wills* (1962), 172 Ohio St. 569 [18 O.O.2d 128].

In the case of *Humphrey* v. *Dent* (1980), 62 Ohio St. 2d 273 [16 O.O.3d 321], which considered a city ordinance controlling the duties of drivers at an intersection marked by a stop sign, the Supreme Court, at page 276, observed that the driver of an automobile who proceeded through an intersection after stopping for a stop sign "* * * was under a duty to exercise ordinary care to avoid a collision even if the oncoming car was approaching illegally at a high rate of speed. Yet, one does not have to anticipate the negligence of another. * * *" The court also cited with approval, at page 276, the case of *Kapp* v. *Barrett* (1915), 216 N.Y. 226, 110 N.E. 428, in which Judge Cardozo stated the basic premise of the law that applies in this case, as follows:

" '* * * [T]he law does not even say that because a pedestrian "sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; and *whether he is negligent in going forward, will be a question for the jury.* If he has used his eyes, and *has miscalculated the danger, he may still be free from fault."* ' (Emphasis added.)"

R.C. 4511.44, which requires the driver of a vehicle who is about to enter or cross a highway from a driveway to yield the right-of-way to traffic approaching on the roadway, assumes that the traffic on the roadway to be entered or crossed is proceeding in a lawful manner. If an automobile that has entered a roadway or highway from a private driveway is struck within several minutes after so entering the roadway or highway by an automobile on the roadway or highway that is approaching in an unlawful manner, the driver of the automobile entering the highway is not negligent *per se* but he may be negligent if his or her determination to proceed onto the highway was not reasonable based upon his or her calculation of the location and speed of the approaching automobile.

Applying the foregoing rule of law to the facts in the case before us, we conclude that the judgment of the trial court was not against the manifest weight of the evidence, and was in accordance with law. There is no dispute that plaintiff Stewart was traveling in an unlawful manner, because she was exceeding the speed limit by at least three to five miles per hour and perhaps by as much as fifteen m.p.h. if the Jones testimony is believed. There is also testimony by Gudger and by Jones that, because of the location of the Stewart automobile when the Gudger automobile entered the roadway, the Stewart automobile had adequate time to avoid an accident. Gudger testified that, when she pulled out of the driveway, the Stewart car was on the other side of McCutcheon, which later testimony indicated was a distance of

four-tenths of a mile north of the driveway. Jones also testified that, when Gudger was pulling out of the driveway, the Stewart car was at McCutcheon Road. Both Jones and Gudger testified that the Gudger automobile entered the roadway in a forward position. Considering that the accident occurred during the nighttime, it was not unreasonable for the trial court to find that defendant Gudger acted reasonably by assuming she could enter the roadway from the Jones driveway without causing a collision with the approaching Stewart automobile. She was permitted to assume that the Stewart automobile was traveling at a legal rate of speed, unless the evidence shows that she clearly knew the approaching automobile was traveling at a high rate of speed and that her entrance into the roadway would probably result in a collision. The evidence before us does not support such a finding. The first two assignments of error are not well-taken and are overruled.

With respect to the third assignment of error, we find that the trial court did not err in overruling Stewart's motion for a new trial. While the proffered "new evidence" of the patrol officer who testified at the trial would have changed the starting point the officer used in making his measurements, those measurements are not critical to the application of the law to the facts in this case. Since the other testimony upon which the trial court relied is sufficient to support the judgment of the trial court, the trial court did not err in overruling the motion for a new trial, and the third assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and HOFSTETTER, JJ., concur.

HOFSTETTER, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.