**MECKSTROTH, Exr.,**

v.

**ROBINSON et al.**

Court of Common Pleas of Ohio,
Hamilton County,
Probate Division.

No. C–95601.

Decided April 5, 1996.

*John R. Meckstroth, Jr.,* for plaintiff.

*Robert L. Schwartz,* for Kharisma Kornisha Figgs.

WAYNE F. WILKE, Judge.

This matter came before Judge Wayne F. Wilke on March 11 and was continued in progress until March 13, 1996, concerning plaintiff John R. Meckstroth, Jr.'s motion for summary judgment and defendant Kharisma Kornisha Figgs's cross-motion for summary judgment and motion to stay the proceedings. Present were the plaintiff and executor of the estate of Eddie Watson, John R. Meckstroth, Jr., and Robert L. Schwartz, representing defendant Kharisma Kornisha Figgs.

### Findings of Fact

The decedent herein, Eddie Watson, died testate on March 6, 1995. His estate is being administered in this court, case No. 951268. Plaintiff John R. Meckstroth, Jr., is the duly appointed executor of the estate of Eddie Watson.

The decedent's will was admitted to probate on March 17, 1995, and it left the entire estate to the decedent's great-grandson, Rosmond Ross. Item IV of the will states that "[i]t is my affirmative decision that all of my estate shall pass as stated above and I leave no part of my estate to my children Marvin Watson, Eddie Watson, Jr., and Joyce Robinson."

Rosmond Ross, however, predeceased the decedent, and no alternative beneficiaries were named in the decedent's will. Furthermore, Rosmond Ross died unmarried, purportedly with no living issue. Because the property is then to pass by the laws of intestate succession, the executor filed a complaint to determine heirship on October 12, 1995.

Defendant Kharisma Kornisha Figgs, an infant, by and through her mother and guardian *ad litem,* Renee Figgs, claims to be the daughter of Rosmond Ross. The evidence shows that Kharisma Figgs was born to Renee Figgs on May 11, 1993, approximately six months after the death of Rosmond Ross. Rosmond Ross was not listed as the father on Kharisma Figgs's birth certificate, and decedent's untimely death necessarily prevented him from taking affirmative steps to confirm his paternity. If determined to be the only surviving issue of Rosmond Ross, Kharisma Figgs would be entitled to the entire estate of Eddie Watson by representation according to R.C. 2107.52, Ohio's Antilapse Statute.

The other defendants herein are the heirs at law of Eddie Watson according to R.C. 2105.06 and include a daughter, Joyce Robinson, and five grandchildren, who would inherit through their deceased fathers, the two sons of Eddie Watson. All

defendants have been properly served and are before the court. Only defendant Kharisma Figgs has contested the distribution of the estate according to the laws of intestate succession.

Plaintiff Meckstroth has moved for summary judgment, believing that because Rosmond Ross neither acknowledged his paternity nor established a father-child relationship with Kharisma Figgs, the bequest to Rosmond Ross should not pass by representation to Kharisma Figgs. As a result, plaintiff contends the estate should pass by the laws of intestate succession pursuant to R.C. 2105.06.

Defendant Figgs has also moved for summary judgment. Additionally, she moved to stay the proceedings and this court's decision on plaintiff's motion for summary judgment in order to enable her to make a determination of paternity in juvenile court.

## Conclusions of Law

■ Civ.R. 56(C) provides for summary judgment to be rendered if, among other filings, the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Before summary judgment may be granted, the court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to only one conclusion and, viewing such evidence most strongly in favor of the nonmovant, the conclusion is adverse to that party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 333, 587 N.E.2d 825, 831. Furthermore, summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try, but, it should be awarded with caution. *Norris v. Ohio Std. Oil Co.* (1982) 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 1-2, 433 N.E.2d 615, 616. In this case, there are material facts that remain to be litigated and the granting of summary judgment would be unjust and improper. Plaintiff is not entitled to judgment as a matter of law.

Ohio's Antilapse Statute, R.C. 2107.52, provides:

"Unless a contrary intention is manifested in the will, if a devise of real property or a bequest * * * is made to a relative of a testator and the relative was dead at the time the will was made or dies after that time, leaving issue surviving the testator, those issue shall take by representation the devised or bequeathed property as the devisee or legatee would have done if he had survived the testator."

■ Consequently, if Rosmond Ross died leaving issue, his issue would take by representation. Although defendant Kharisma Figgs was born six months after her purported father's death and before he could acknowledge his alleged

paternity, she is not estopped from establishing her parentage. For example, in *In re Estate of Hicks* (1993), 90 Ohio App.3d 483, 629 N.E.2d 1086, the Sixth District Court of Appeals held that parentage actions under R.C. Chapter 3111 may be brought even when the alleged father is deceased. *Id.* at 487, 629 N.E.2d at 1088–1089.

Similarly, the Supreme Court of Ohio has allowed illegitimate children to establish their parentage after their purported fathers' deaths for purposes of receiving proceeds from a wrongful death action. The court determined that preventing illegitimate children from establishing paternity after the death of their putative father for purposes of recovering for the wrongful death of the putative father would be "violative of their equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution." *Brookbank v. Gray* (1996), 74 Ohio St.3d 279, 293, 658 N.E.2d 724, 734. The court further held that a child born out of wedlock is not foreclosed from recovering damages for the wrongful death of his or her putative father, simply because paternity had not been acknowledged, adjudicated, or otherwise established during the putative father's lifetime. *Id.* at paragraph two of the syllabus.

Plaintiff is correct that Rosmond Ross never performed any of the procedures recognized in Ohio as conclusively establishing paternity: marriage of father to mother, by will, adoption, acknowledgment of paternity, designation of heir at law, or by a parentage action to determine the father and child relationship. However, Ross could not conceivably have done so, given the circumstances surrounding his accidental death. To grant plaintiff summary judgment because Rosmond Ross died before his putative daughter's birth would be unduly harsh and manifestly against the Ohio Supreme Court's holding in *Brookbank*.

While *Brookbank* concerned the establishment of paternity with regard to a wrongful death action, it would not offend the Supreme Court's rationale to allow Kharisma Figgs to establish her paternity for purposes of inheritance. This is especially true when viewed in conjunction with R.C. 3111.05, which gives a child up to twenty-three years to determine the existence or nonexistence of the father and child relationship. Kharisma Figgs is entitled to establish her paternity despite the death of her alleged father.

■ Last, to deny Kharisma Figgs the opportunity to establish her paternity before Eddie Watson's estate is fully administered would allow the estate assets to be distributed in a manner wholly inconsistent with the decedent's express intent. The fiduciary of an estate is obligated to ascertain and accomplish the intention of the testator from the provisions contained in a will. *Townsend's Executors v. Townsend* (1874), 25 Ohio St. 477. In the case *sub judice,* Eddie Watson provided express direction to his executor that no part of his estate was

to pass to his three children. Allowing the administration of this estate to proceed before Kharisma Figgs has the opportunity to establish her paternity, and, thus, invoke the Antilapse Statute, would be against the decedent's explicit intent.

As a result, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be denied. Defendant Kharisma Figgs's motion for summary judgment is also denied, but her motion to stay the proceedings is granted to the extent that the executor may pay just debts and expenses of the estate, file annual accounts, and perform other fiduciary duties, but the executor may not make any distribution until the Hamilton County Juvenile Court renders a decision regarding the paternity of Kharisma Figgs. Kharisma Figgs is ordered to immediately initiate proceedings under R.C. Chapter 3111.

*Judgment accordingly.*