KNISKERN et al., Appellants,

v.

AMSTUTZ et al., Appellees.

[Cite as *Kniskern v. Amstutz* (2001), 144 Ohio App.3d 495.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78407.

Decided June 27, 2001.

*Donald Weisberger,* for appellants.

*Betty D. Montgomery,* Attorney General, *Judith L. French* and *Elizabeth Luper Schuster,* Assistant Attorneys General, for appellees.

MICHAEL J. CORRIGAN, Judge.

This is an appeal from the grant of summary judgment entered by the trial court on the appellants' complaint filed in the Cuyahoga County Court of Common Pleas against seventy-two legislators who voted on September 26, 1996, for the passage of Am.Sub.H.B. No. 350, commonly known as the "tort reform" legislation. Because we find that the causes of action contained in the appellants' complaint are wholly without merit and that the appellees enjoy absolute immunity for asserted causes of action arising out of the performance of their legislative duty, we affirm the ruling of the trial court.

Civ.R. 56 provides that summary judgment may be granted only after the trial court determines that (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

The appellants' complaint vaguely purports to be brought under the auspices of Section 1983, Title 42, U.S.Code and thus alleges that the conduct complained of deprived the appellants of rights, privileges, or immunities secured by the Constitution or laws of the United States. The United States Supreme Court has repeatedly held that legislators enjoy absolute immunity from suits brought under Section 1983 for actions within the sphere of legislative activity. *Bogan v. Scott–Harris* (1998), 523 U.S. 44, 49, 118 S.Ct. 966, 970, 140 L.Ed.2d 79, 85.

In *Tenney v. Brandhove* (1951), 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019, the court stated:

"The claim of an unworthy purpose does not destroy the privilege. Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. One must not expect uncommon courage even in legislators. The privilege would be of little value if they could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives. The holding of this Court in *Fletcher v. Peck,* 6 Cranch 87, 130 [3 L.Ed. 162, 176], that it was not consonant with our scheme of government for a court to inquire into the motives of legislators, has remained unquestioned. See cases cited in [*Arizona v. California,* 283 U.S. 423, 455, 51 S.Ct. 522, 526, 75 L.Ed. 1154, 1165–1166]. "

Ohio courts have also long recognized that when a legislator votes on a proposed bill or ordinance, he is performing a quintessentially legislative function and thus enjoys absolute immunity arising out of the casting of that vote. In addition, Section 12, Article II of the Ohio Constitution, which is nearly identical to Section 6, Article I of the United States Constitution, states:

"Senators and Representatives, during the session of the general assembly shall be privileged from arrest * * * and for any speech, or debate, in either house, they shall not be questioned elsewhere."

In *Hicksville v. Blakeslee* (1921), 103 Ohio St. 508, 517–518, 134 N.E. 445, 448, the Ohio Supreme Court stated:

"That legislative officers are not liable personally for their legislative acts is *so elementary, so fundamentally sound, and has been so universally accepted, that but few cases can be found where the doctrine has been questioned and judicially declared.*

"\* \* \*

"The exercise of discretion by a village councilman in voting for a resolution or ordinance void by reason of a statutory limitation upon the power of council is no different from the exercise of discretion by a member of the general assembly in voting for a statute void by reason of a constitutional limitation upon the power of the general assembly, *yet no one would claim that a legislator would be liable either in his official or in his individual capacity for the exercise of his judgment and discretion in voting for such void statute.*"  (Emphasis added.)

It should be obvious to any reasonable person that the trial court correctly determined that the appellees were acting in their legislative capacities, rather than in their individual capacities, when they voted in favor of the passage of the tort reform legislation.  Appellants' counsel evidences a fundamental misapprehension of existing law in the realm of legislative immunity by filing a lawsuit wherein it is alleged that individual legislators may be held personally liable for voting for the passage of a statute that is later held unconstitutional.

The appellants theorize that the appellees are not immune from personal liability arising out of their vote in favor of the tort reform legislation because they acted in a "judicial" manner when they tried to usurp the prerogative of the judiciary by legislating in the area of tort reform.  According to the appellants' logic, the immunity from suit of the individual legislators was "usurped" when the Supreme Court decided *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, wherein a majority of four justices held that the tort reform legislation was unconstitutional in toto.  There is absolutely no support for this assertion to be found within the test of the court's decision in *Sheward* or elsewhere.  If legislative immunity were to be conditioned upon favorable review of legislation in the courts, the doctrine would be rendered nearly meaningless and both the legislature and the judiciary would become increasingly politicized.  For these very reasons, among others, there has never been a serious suggestion that the immunity from suit afforded to legislators be modified in the manner suggested by the appellants.

The appellants also assert in this appeal that they were denied due process of law when their case was "transferred" from the docket of the trial judge to whom it was originally assigned to a retired judge sitting by assignment.  The appellants' counsel actually claims that he should have been given an opportunity to "*voir dire*" the second judge to ascertain whether or not he could be neutral and impartial.  Initially, we note that there is no evidence in the record that this case

was ever transferred from the docket of the judge to whom it was originally assigned. It is not uncommon for visiting judges to be assigned to manage the docket of a trial judge who anticipates being absent for an extended period due to illness or some other factor. If the appellants had a problem with the judge who ruled on the motions in this case, their remedy was to file an affidavit of prejudice with the Supreme Court. Having failed to have done so, and having failed to present even a scintilla of evidence of bias to this court, the appellants will not be heard in the instant appeal to complain of bias or prejudice.

Far from being "a difficult case of first impression," as suggested by the appellants in their brief filed with this court, this case presents no serious legal issues or questions of fact. As the trial court aptly noted:

"* * * Plaintiffs are simply attempting to fix responsibility for the damages on the legislator-defendants by asserting an irresponsible, legally untenable theory of speculation as to what the Supreme Court may have considered in denying their discretionary appeal.

"The claims and faulty legal reasoning spread upon the volumes of paper pages filed by Plaintiffs in this case come as close to 'frivolous' as one can imagine. It will be remembered for its prolixity, not for its substance."

Accordingly, each of the appellants' assignments of error is overruled, and the judgment of the trial court is affirmed in its entirety. This case is remanded to the trial court for the purpose of ruling on the pending motion for attorney fees and expenses filed by the appellees.

*Judgment affirmed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., and ANN DYKE, J., concur.