DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Sheryl Gresser, administrator of the estate of Charles Gresser, appeals from the judgment of the Medina County Court of Common Pleas granting a motion for summary judgment by Appellee, Ohio Farmers Insurance Company. We affirm.
 I. {¶ 2} Appellant's husband, Charles Gresser, died from injuries sustained in an automobile accident that occurred on January 4, 2002. The accident resulted from the negligence of Kyle Strimbu. Kyle resided with his father, John Strimbu, and his mother, Althea Strimbu. At the time of the accident, Kyle was driving a 1993 Geo Prizm owned by Althea Strimbu, who was a named insured under a liability insurance policy issued by Westfield Insurance Company ("Westfield"). This policy listed the Prizm as a covered automobile, and Kyle Strimbu was listed as a driver on the policy. John Strimbu was insured under a separate liability insurance policy issued by Appellee ("Farmers policy"). This policy did not list the Prizm as a covered vehicle.
 {¶ 3} Appellant filed suit in her capacity as administrator of the estate of Charles Gresser against Kyle Strimbu; the decedent's insurance provider, Progressive Insurance ("Progressive"); Westfield; and Appellee. The claims against Progressive were voluntarily dismissed. A motion for summary judgment was filed on behalf of Appellee, Westfield, and Kyle Strimbu. The trial court granted the motion as to Westfield and Kyle Strimbu on the basis that both parties were released from all claims under a settlement agreement. The court found that a genuine issue of material fact existed as to Appellee — specifically, whether or not the Farmers policy provided coverage for the Prizm driven by Kyle Strimbu — and denied Appellee's motion for summary judgment. Appellee filed a certified copy of the insurance policy, along with a motion to supplement the motion for summary judgment with additional evidence. The trial court granted the motion to supplement, then granted Appellee's motion for summary judgment, finding that the Prizm was not a covered vehicle under the Farmers liability policy and that liability coverage for the accident was therefore excluded even though Kyle Strimbu was an insured under the policy. Appellant filed this appeal, asserting one assignment of error.
 II. Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 4} Appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Norris v. OhioStd. Oil Co. (1982), 70 Ohio St.2d 1, 2. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 5} "It is a long-standing principle of law that an insurance policy is a contract, and that the relationship between the insurer and the insured is purely contractual in nature."Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109. The language in an insurance policy must be given its plain and ordinary meaning unless the terms of the policy indicate a contrary intention. Olmstead v. Lumbermens Mut. Ins. Co.
(1970), 22 Ohio St.2d 212, 216. The court may not alter the terms of an unambiguous policy. Gomolka v. State Auto. Mut. Ins. Co.
(1982), 70 Ohio St.2d 166, 167-168.
 {¶ 6} Appellant argues that the exclusions from liability coverage listed in the policy — particularly the exclusion of vehicles not specifically covered by the policy — do not apply to Kyle Strimbu as a matter of law because Kyle was an insured person under the policy. Appellant further argues that even if the exclusion does apply to persons insured under the policy, an exception to the exclusion allows for liability coverage where an insured person is driving a car owned by a family member, and that because Kyle was driving his mother's car at the time of the accident, he is therefore covered under the liability policy. We address each argument in turn.
1.Exclusion of insured drivers
 {¶ 7} The "Exclusions" section of part A of the Farmers policy identifies several situations in which accidents arising from the operation of certain vehicles would be excluded from liability coverage. Among these, section B(3) generally excludes coverage for the use of any vehicle not covered by the policy, such as the Prizm. The parties have stipulated that Kyle Strimbu was an "insured" under the Farmers policy. Appellant first argues that the various exclusions from coverage identified in section B, and particularly section B(3), do not apply to vehicles operated by persons who are insured under the policy. Thus, Appellant argues, Kyle Strimbu, as an insured person, was covered by the Farmers policy at the time of the accident, even though the vehicle he was driving was not a covered vehicle under the policy.
 {¶ 8} The language of the insurance agreement does not support this contention. The exclusions in section B are unequivocal, and there is no language to suggest that the exclusions do not apply where the driver is insured by the Farmers policy. Only section B(1) makes a narrow distinction between insured drivers and uninsured drivers, excluding off-road vehicles and vehicles with fewer than four wheels from coverage but making an express exception for persons insured under the policy who operate such vehicles in a medical emergency. By implication, insured persons who operate such vehicles in the absence of a medical emergency are excluded from coverage under section B(1). Clearly, the general exclusions in section B apply to persons insured under the policy as well as persons not insured under the policy. Thus, even though Appellant was insured under the Farmers policy, the exclusion described in section B(3) applies to him.
2. Family member exception
 {¶ 9} Appellant further argues that even if section B of the "Liability Coverage" section does contain exclusions applicable to insured persons such as Kyle, section B(3) provides liability coverage for Kyle so long as he is driving a car owned by a family member, which would include his mother's Prizm.
 {¶ 10} Section A of the "Liability Coverage" section of the policy provides liability coverage for any bodily injury or property damage for which an "insured" is legally responsible. Section B(1) of the "Liability Coverage" section defines an "insured" as "[y]ou or any family member for the ownership, maintenance or use of any auto or trailer." Section A of the "Definitions" section defines "you" as the "named insured" shown on the declarations page of the policy, or a spouse of the named insured residing in the same household. On the declarations page, Althea Strimbu is the only person listed as the named insured.
 {¶ 11} Clearly, the terms "insured" and "named insured" are not interchangeable for the purposes of the policy. "Named insured" refers only to the person listed as a named insured on the policy — Althea Strimbu, in this case — and that person's spouse. "Insured" refers to those invididuals plus any family member of those individuals, which would include Kyle Strimbu. Although he is an insured, however, Kyle Strimbu is neither the person listed as a named insured nor that person's spouse. Therefore, by the express terms of the policy, the word "you," which refers only to the named insured or the named insured's spouse, does not include Kyle.
 {¶ 12} Section B(3) of the "Liability Coverage" section denies liability coverage for any vehicle other than the covered automobile which is "owned by a family member" or "furnished or available for the regular use of a family member." Section (B)(3), however, also provides an exception to this exclusion:
"[T]his exclusion (B.3) does not apply to you while you are maintaining or occupying any vehicle which is:
"a. owned by a family member; or
"b. furnished or available for the regular use of a family member."
 {¶ 13} Appellant argues that Kyle, an insured person under the policy, was occupying the Prizm at the time of the accident and that the Prizm was owned by a family member and available for Kyle's regular use. Therefore, Appellant argues, the exception to the exclusion in section B(3) applies, and Kyle was covered by the liability insurance policy even though the car he was driving was not a covered automobile under the policy. We disagree. Because the term "you," as used in the policy, does not include Kyle Strimbu, he does not fall within the section B(3) exception, and he is excluded from coverage because he was not driving a covered vehicle.
 {¶ 14} As a matter of law, therefore, Kyle Strimbu's liability insurance under the insurance policy issued by Appellant did not extend to his operation of the Prizm on January 4, 2002. Based on the undisputed facts and the terms of the policy, Appellant cannot sustain a claim against Appellee, and Appellee's motion for summary judgment was properly granted. Appellant's sole assignment of error is overruled.
 III. {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Moore, J. Concur.