OPINION
{¶ 1} Defendant-appellant, Jonathan E. Conley, appeals from a judgment of the Franklin County Municipal Court finding him guilty of failing to yield the right-of-way as he entered the street from a private driveway, in violation of Upper Arlington Codified Ordinance ("U.A.C.O.") 351.27(B). Because both sufficient evidence and the manifest weight of the evidence support the trial court's judgment, we affirm.
 {¶ 2} According to the evidence presented at trial, on December 13, 2005 at approximately 5:00 p.m., Trent Denyes was proceeding westbound on Lane Avenue, having just left the Speedway gas station at the corner of North Star and Lane. On his way home, he turned right onto Wellesley Drive from Lane Avenue, taking the turn at approximately 15 m.p.h.; he did not accelerate much after turning.
 {¶ 3} Following the turn, Denyes straightened the wheel and saw no cars approaching. He glanced down at his iPod for no more and perhaps less than a second, clicked on it once to change the song, and looked back to the street where he saw defendant's car had pulled out of a private driveway on Wellesley Drive. Denyes slammed on the brakes. He does not recall skidding, but he could not avoid hitting defendant. The collision damaged the left front of his vehicle and the back driver's side door of defendant's car. According to Denyes, he could not have been driving faster than 20 or 25 m.p.h as he traveled the 50 feet from the corner to the point of impact.
 {¶ 4} The testimony of Herbert Jackson, an officer employed with the city of Upper Arlington, Division of Police, corroborated aspects of Denyes testimony. Jackson arrived after the accident and examined the vehicles to help him assess Denyes speed and angle at the time of the accident. Observing no skids or debris in the roadway, Jackson estimated Denyes and defendant to be traveling at 25 m.p.h. and ten m.p.h., respectively, at the time of the collision. According to Jackson, nothing indicated Denyes was exceeding the lawful speed limit.
 {¶ 5} On cross-examination, defendant suggested to Jackson that if Denyes was traveling 25 m.p.h. on impact, then he must have been traveling faster before he braked in an attempt to avoid the collision. While Jackson seemed to agree with that suggestion, on re-direct examination he reiterated his belief that Denyes was traveling below the speed limit at the time of the accident. He explained that in including in his report a statement that Denyes was traveling at 25 m.p.h., he meant only to indicate Denyes' speed did not exceed 25 m.p.h., though it may have been less. Jackson added that, even if Denyes were traveling at 30 m.p.h., his speed was not unreasonable for the conditions. He nonetheless believed Denyes' speed was less than 25 m.p.h.
 {¶ 6} Defendant testified on his own behalf and stated that immediately after the collision, Denyes said both that he was sorry and that he was not paying attention. Defendant estimate Denyes was traveling at 35 m.p.h.
 {¶ 7} As a result of his investigation, Jackson issued a citation to defendant, charging him with violating U.A.C.O. 351.27(B) which states that "[t]he operator of a vehicle about to enter or cross a highway from a private road or building shall stop and yield the right-of-way to all traffic approaching on such highway." U.A.C.O. 301.01 in turn defines "right-of-way" to be "the right of a vehicle or pedestrian to proceed uninterruptedly in a lawful manner in the direction which it or the individual is moving in preference to another vehicle or pedestrian approaching from a different direction into its or the individual's path." (Emphasis added.) Based on the evidence before it, the trial court concluded Denyes was proceeding in a lawful manner, and defendant failed to yield the right-of-way to Denyes as defendant exited from a private drive on Wellesley Drive. The trial court thus found defendant guilty and sentenced him accordingly. Defendant appeals, assigning two errors:
 1. The Trial Court erred in failing to grant Appellant's Crim R 29 motion.
 2. The Trial Court erred in failing to find that the driver of the vehicle which collided with Appellant's vehicle had forfeited his right of way.
 {¶ 8} Because defendant's two assignments of error are interrelated, we address them jointly. Together they challenge whether the requisite evidence supports the trial court's judgment.
 {¶ 9} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Apanovitch (1987), 33 Ohio St.3d 19, 22, quoting State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus. In ruling on a Crim.R. 29 motion, a trial court must construe the evidence in the light most favorable to the state. State v. Busby (Sept. 14, 1999), Franklin App. No. 98AP-1050. The standard of review applied to a denied motion for acquittal pursuant to Crim.R. 29 is virtually identical to that employed in a challenge to the sufficiency of the evidence. State v. Turner,
Franklin App. No. 04AP-364, 2004-Ohio-6609, at ¶ 8, appeal not allowed (2005), 106 Ohio St.3d 1547, citing State v. Ready (2001),143 Ohio App.3d 748, 759.
 {¶ 10} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency is a test of adequacy. Id. We construe the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
 {¶ 11} When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. Conley, supra; Thompkins, at 387 (noting that "[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony"). Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The factfinder thus may take note of the inconsistencies and resolve them accordingly, "believ[ing] all, part or none of a witness's testimony." State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964),176 Ohio St. 61, 67.
 {¶ 12} Defendant's two assignments of error contend Denyes forfeited the right-of-way by traveling at an unlawful speed. If we construe the evidence in favor of the city of Upper Arlington, Jackson's testimony supports the conclusion that Denyes was traveling below the speed limit and was not traveling in an unlawful manner. Defendant, however, contends that once the manifest weight of the evidence is considered, the judgment cannot stand, as Jackson equivocated in testifying to Denyes' speed.
 {¶ 13} More particularly, defendant notes Jackson admitted that if, as indicated in his report, Denyes' speed was 25 m.p.h. at the point of impact, Denyes necessarily was traveling faster than 25 m.p.h. before he slammed on the brakes. Jackson, however, testified on re-direct examination that the speed indicated in his report was an estimate of the highest speed at which Denyes was traveling; Jackson pointedly stated he believed Denyes was driving at less than 25 m.p.h. In rendering its decision, the trial court specifically noted on the record, as well as in its judgment entry journalizing its decision, that it found both Denyes and Jackson to be credible witnesses. If the trial court believed their testimony, as was its prerogative, their testimony supports the trial court's conclusion that Denyes was traveling in a lawful manner and had the right-of-way at the time of the collision.
 {¶ 14} Moreover, even if Denyes was traveling at a speed in excess of 25 m.p.h., the trial court's judgment is not contrary to the evidence. A driver forfeits the right-of-way by proceeding in an unlawful manner.Morris v. Blumgren (1933), 127 Ohio St. 147. Accordingly, in the context of traffic violations, we, along with other courts, have held that the other vehicle must be proceeding lawfully in order to find a defendant guilty of failing to yield the right-of-way. See, e.g., State v.Young (1988), 50 Ohio App.3d 17, 18. A violation of the speed limit may cause the other vehicle to forfeit the right-of-way. Ohio Cas. Ins. Co.v. Gudger (1982), 8 Ohio App.3d 152, 154.
 {¶ 15} Where a municipal ordinance makes it prima facie unlawful for a motor vehicle to travel above a certain speed limit in a described locality, as U.A.C.O. 353.05 does, "a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se," but "establishes only a prima facie case under the ordinance." Cleveland v. Keah (1952), 157 Ohio St. 331, paragraphs one and two of the syllabus. The prima facie case may be overcome "by evidence showing that in the circumstances the speed was neither excessive nor unreasonable." Id.
 {¶ 16} Whether a driver's speed is excessive or unreasonable under the circumstances is a question of fact. Columbus v. Cantwell (May 14, 1981), Franklin App. No. 80AP-915. To determine if Denyes was proceeding unlawfully, the trial court had to determine if he was proceeding at a reasonable speed under the given conditions. While defendant suggests Denyes was not, Jackson testified Denyes' speed was reasonable for the conditions. Because the trial court specifically found Jackson to be credible, the trial court's judgment is not against the manifest weight of the evidence, even if Denyes was traveling at a speed in excess of 25 m.p.h. City of Upper Arlington v. Streets (Dec. 20, 1994), Franklin App. No. 94APC04-534.
 {¶ 17} Accordingly, defendant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
SADLER and McGRATH, JJ., concur.