DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ronald Sines, appeals from the decision of the Lorain County Court of Common Pleas, which awarded summary judgment to Appellee, Janet Farmer. We affirm.
 I. {¶ 2} According to Appellant, he was attending a family cookout at his brother's home. Appellee owned the neighboring property. When Appellant saw his nephew chasing a ball towards the road, Appellant ran to stop him. In doing so, Appellant ran onto Appellee's property, where he stepped into a hole and broke his leg. The hole was approximately five inches wide and four inches deep. Appellant sued Appellee for damages suffered from stepping in the hole.
 {¶ 3} It is undisputed that Appellant was on Appellee's property purely for his own purpose, to aid his nephew, and not for any purpose benefiting Appellee. Furthermore, it is undisputed that Appellee had never consented to Appellant's entrance onto her land. Appellee moved for summary judgment on the basis that Appellant was a trespasser to whom she owed only a limited duty of care. The trial court agreed and granted the motion, finding that no genuine issue of fact remained that would conclude that Appellee had breached her duty of care. Appellant timely appealed, asserting a single assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court erred when it granted appellee's motion for summary judgment."
 {¶ 4} Appellant asserts that the trial court erred in finding, as a matter of law, that Appellee owed him only the limited duty of care extended to trespassers. Specifically, Appellant insists that when he entered Appellee's property to rescue his nephew, Appellee became obligated to warn or protect Appellant against possible hidden dangers. We disagree.
 {¶ 5} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Norris v. Ohio Std. Oil Co. (1982),70 Ohio St. 2d 1, 2. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party has satisfied its burden, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The nonmoving party may not rest upon allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115.
 {¶ 7} To overcome summary judgment on a claim of negligence, a plaintiff must show a duty and breach of that duty as the direct and proximate cause of an injury. Chambers v. St. Mary's School (1998),82 Ohio St.3d 563, 565. A duty of care is not assumed, but may be based on the classification of the property owner. See Gladon v. GreaterCleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315. In the present case, the relevant classification and corresponding duty are for that of a trespasser.
 {¶ 8} For purposes of this analysis, a trespasser is one who enters the property of another, by accident or by design, without privilege or consent of the property owner. Id. at 316. The property owner owes this trespasser a duty "to refrain from willful, wanton or reckless conduct which is likely to injury him." Id. at 317; Cole v. New York CentralR.R. Co. (1948), 150 Ohio St. 175, 185. It is undisputed that Appellee never consented to Appellant's entrance onto her property. Furthermore, Appellant's subjective intent to aid his nephew does not create a legal privilege sufficient to justify his intentional trespass, let alone impose liability on an otherwise unsuspecting property owner. Rather, Appellant is liable for any harm he caused to Appellee's property when he fell and had to be assisted. See Wrightsel v. Fee (1907), 76 Ohio St. 529, syllabus (holding that an intentional trespasser is liable to the property owner, regardless of the trespassers motive or purpose).
 {¶ 9} Therefore, we agree with the trial court that, as a matter of law on the uncontested facts, reasonable minds could reach but one conclusion and that conclusion is favorable to Appellee. See Temple,50 Ohio St.2d at 327. Accordingly, the trial court was correct in granting summary judgment. Appellant's assignment of error is overruled.
 III. {¶ 10} Appellant's assignment of error is overruled and the decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Concurs.
Carr, P.J. Concurs in judgment only.