DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Scott Mattimore, appeals the decision of the Lorain County Court of Common Pleas, which granted summary judgment to Appellee, Lois J. Grant. This Court affirms.
 {¶ 2} Appellant filed a pro se "State Tort Complaint for Personal Injury to Property and Alternatively for Declaratory Judgment" against Appellee on February 12, 2004. Appellant claimed that Appellee wrongfully withheld his personal property at her residence following his incarceration in Madison Correctional Institution in January, 2003. Appellant also asserted that Appellee had deposited the payroll checks issued to him immediately prior to his incarceration, as well as his state and federal income tax checks, for her personal use. Appellant stated the amount of the payroll checks totaled approximately $50.00, while his state income tax check was in the amount of $112.00 and federal income tax check was in the amount of $534.00. Additionally, Appellant claimed that he had loaned Appellee $1200.00 from other payroll checks, which she had not repaid. In his request for relief, Appellant stated that Appellee should be held liable to him for the amount of money loaned to her and from his payroll checks, and he requested that she make accommodations to him for the return of his personal property. Appellee's signed certified mail receipt showing service of the complaint was docketed by the trial court on March 4, 2004.
 {¶ 3} Appellee amended his complaint on March 23, 2004, to include the specific amounts of the tax checks, as stated above. As Appellee had not answered the complaint within 28 days, Appellant filed a motion for default judgment on April 20, 2004. A default judgment hearing was set for June 8, 2004. Appellee filed a motion for leave to plead on June 8, 2004, which the trial court granted. On that same date, Appellee's counsel entered a notice of appearance and filed Appellee's answer to the complaint.
 {¶ 4} On September 9, 2004, Appellee filed a motion for summary judgment. Appellant filed a Motion to Strike on September 27, 2004. Appellant filed a response to the motion for summary judgment on November 15, 2004, and on December 8, 2004, the trial court granted summary judgment for Appellee.
 {¶ 5} Appellant filed his notice of appeal with this Court regarding the summary judgment decision of December 8, 2004, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred and abused judicial discretion to grant Appellee's motion for summary judgment when the Appellee did not meet her burden of proof to sustain the granting of such motion contrary to [Civ.R.] 56."
 {¶ 6} In his sole assignment of error, Appellant argues that the trial court erred when it granted Appellee's motion for summary judgment. Appellant asserts that Appellee did not meet her burden of proof regarding her summary judgment motion, and therefore, it was an error to grant summary judgment in her favor. We disagree.
 {¶ 7} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Unlike an abuse of discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C);Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 8} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 9} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ. R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial.State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 10} Appellant and Appellee were in a relationship from approximately 1995 through 2002, and the couple lived together in Lorain County. In 2003, Appellant was sentenced to two years incarceration for gross sexual imposition involving Appellee's daughter. While incarcerated, Appellant's personal property remained in the couple's joint residence until Appellee moved to another residence in Lorain County. Appellee's affidavit, which supported her summary judgment motion, stated that the personal property at issue is currently stored at her current residence, which is owned by Appellant's cousin. Additionally, the affidavit states that Appellee did deposit the last paycheck Appellant received while incarcerated, and that she did deposit the check into her account with Appellant's permission. Appellee stated that she had no knowledge of a loan or loans from Appellant, and that she did deposit Appellant's income tax checks, per his instructions, and sent a portion of the total deposit to Appellant's mother.
 {¶ 11} The affidavit from Appellant's mother in support of his motion to oppose summary judgment disputes the amount of money sent to her from Appellee, but states that she did contact Appellant in January 2004 to let him know that his personal property could be stored at his cousin's residence, where Appellee currently resides. Appellant's mother also stated that the cousin who rented the property to Appellee had knowledge that Appellant's property was to be stored there. Such statements lead this Court to believe there is no dispute over who is storing Appellant's property and where it is being held.
 {¶ 12} We agree with Appellee's argument that Appellant's complaint was insufficient on its face and did not state a legally cognizable cause of action, and the demand for judgment does not provide relief which could be granted. Appellant's complaint is captioned "State Tort Complaint for Personal Injury to Property and Alternatively For Declaratory Judgment." Such a cause of action does not exist, and Appellant's requested relief cannot be granted.
 {¶ 13} Furthermore, this Court agrees with the trial court that there is no genuine issue as to any material fact and that Appellee is entitled to judgment as a matter of law. We find that Appellant did not properly respond in his motion opposing summary judgment as to any material fact and did not prove that a genuine issue remained to be litigated for trial. Appellant states in his motion opposing summary judgment that Appellee "did store [my] possessions at 225 Wooster Street, Elyria, * * * [t]his being a rental property owned by [my] cousin [.]" He further states that his mother has, in fact, inventoried his personal property remaining at the residence and made arrangements to transport the property to her home in New York. With regard to the money at issue, Appellant fails to set out any further specific details regarding such loans and payroll checks than what he set forth in his complaint. With all the facts taken in favor of Appellant, this Court concludes that the trial court did not err when it granted summary judgment in favor of Appellee.
 {¶ 14} The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Moore, J. Concur.