WESTFIELD INSURANCE COMPANY

v.

RUSSO; Appellant; NationwideGeneral Insurance Company, Appellee.

[Cite as *Westfield Ins. Co. v. Russo,* 164 Ohio App.3d 533, 2005-Ohio-5942.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22529.

Decided Nov. 9, 2005.

Timothy H. Hanna, for appellant.

Kirk E. Roman, for appellee.

SLABY, Presiding Judge.

{¶ 1} Appellant, Rita Russo, appeals from the decision of the Summit County Court of Common Pleas that granted summary judgment in favor of appellee, Nationwide General Insurance Company ("Nationwide"). We affirm.

{¶ 2} Appellant was involved in a motor vehicle accident on November 21, 1993, which was proximately caused by the tortfeasor, Jeffrey Iskow. Russo claimed that she suffered injuries to her left shoulder, lower back, left hip, and neck, as well as headaches and stomach problems. After the accident, Russo also underwent several surgeries. At the time of the accident, Russo lived at home with her parents, and thus she was also covered under her father's personal automobile insurance policy issued by Nationwide, which provided underinsured-motorist ("UM") coverage in the amount of $500,000 per person/$500,000 per accident. In addition to being named as an insured under her father's policy, Russo also possessed a personal automobile insurance policy issued by State Farm Insurance Company with a $50,000 limit for UM coverage.

{¶ 3} Iskow carried an automobile insurance policy with Progressive Insurance Company with liability limits of $12,500. In a settlement dated March 5, 1995, Russo exhausted Iskow's policy limits. She also exhausted her $50,000 UM limit under her State Farm policy in a settlement dated August 25, 1995. Russo then executed releases in favor of Progressive, Iskow, and State Farm. Approximately eight years after the accident, Russo made a claim under the Nationwide policy.

{¶ 4} This case was originally filed in October 2002 by Westfield Insurance Company (formerly known as Beacon Insurance Company) against Russo and Nationwide. Westfield, which was the insurer for Russo's employer, filed a complaint for declaratory judgment, arguing that it had no obligation to provide UM coverage to Russo under *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. In December 2002, Russo cross-claimed against Nationwide, filing a cross-motion for declaratory judgment or, in the alternative, summary judgment, asserting that she is entitled to compensation from Nationwide based upon the UM coverage in her father's policy. Nationwide subsequently cross-claimed against Russo, arguing that she was not entitled to coverage, because she had breached the prompt-notice and consent-to-settle provisions of Nationwide's policy.

{¶ 5} On February 27, 2004, the trial court dismissed the claims between Westfield and the remaining parties based on *Westfield Ins. Co. v. Galatis* (2003), 100 Ohio St.3d 216, 797 N.E.2d 1256, but held that the claims between Russo and Nationwide remained. The trial court denied appellant's motion and granted summary judgment to Nationwide on February 10, 2005.

{¶ 6} Appellant appealed, asserting two assignments of error for our review. For ease of discussion, we will address both assignments of error together.

## ASSIGNMENT OF ERROR I

The trial court erred to the prejudice of the [appellant], Rita Russo, by granting summary judgment in favor of [appellee], Nationwide General Insurance Company.

## ASSIGNMENT OF ERROR II

The trial court erred to the prejudice of the [appellant], Rita Russo, by not granting summary judgment in favor of [appellant], Rita Russo.

{¶ 7} In her two assignments of error, Russo argues that the trial court erred when it granted summary judgment in favor of Nationwide and denied her own summary-judgment motion. Specifically, Russo asserts that Nationwide did not prove that it was prejudiced by her failure to give Nationwide prompt notice of the accident or claim and did not prove that it was prejudiced by Russo's failure to obtain its consent before settling with Iskow for his policy limits. We disagree.

{¶ 8} Appellate courts consider an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Unlike an abuse-of-discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. Thus, this court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the nonmoving party. Civ.R. 56(C); *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 433 N.E.2d 615.

{¶ 9} Summary judgment is proper under Civ.R. 56 when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 10} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Civ. R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the nonmoving party may prevent

summary judgment by demonstrating that a genuine issue exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639.

{¶ 11} In the instant case, the trial court granted Nationwide's motion for summary judgment on the basis that although Russo presented sufficient evidence to rebut the presumption of prejudice regarding the consent-to-settle provision, "[she] has failed to meet her burden of producing sufficient evidence to rebut the presumption of prejudice resulting from her breach of the prompt-notice provision." The court pointed out that Russo offered no explanation for her eight-year delay in notifying Nationwide of her accident and claim and did not agree with Russo's argument that Nationwide was not prejudiced by her breach of the prompt-notice provision on the theory that it was still possible for Nationwide to arrange for expert medical witnesses and arrange for an independent medical evaluation of Russo eight years after the accident.

{¶ 12} The Ohio Supreme Court has developed an analysis for cases involving an alleged breach of a prompt-notice condition. *Ferrando v. Auto–Owners Mut. Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, at ¶ 89–90. Specifically, the Ohio Supreme Court has held:

When an insurer's denial of [uninsured or] underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice.

Id. at paragraph one of the syllabus.

{¶ 13} Furthermore, "[a]n insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Id. See, also, *Ruby v. Midwestern Indemn. Co.* (1988), 40 Ohio St.3d 159, 161, 532 N.E.2d 730. Accordingly, the determination whether a breach of the prompt-notice provision relieves the insurer of its obligation to provide UM coverage involves a two-step process. *Ferrando,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, at ¶ 89. First, the court must determine whether the insurer did not receive reasonable notice, thereby resulting in a breach of the provision. Id. at ¶ 90. "A provision in an insurance policy requiring 'prompt' notice to the insurer requires notice within a reasonable time in light of all the surrounding facts and circumstances." *Ruby,* 40 Ohio St.3d 159, 532 N.E.2d 730, at syllabus.

{¶ 14} Second, if the court has determined that a breach of the prompt-notice provision occurred, it must then determine whether the insurer suffered prejudice such that UM coverage must be forfeited. *Ferrando,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, at ¶ 89. A presumption arises that the unreasonable delay was prejudicial to the insurer. Id. at ¶ 90; *Ruby,* 40 Ohio

St.3d at 161, 532 N.E.2d 730. Nevertheless, this presumption may be rebutted by the insured with evidence demonstrating the contrary. Id.; *Ferrando* at ¶ 90.

{¶ 15} Applying *Ferrando* to the present case, Russo does not dispute that she failed to give Nationwide prompt notice of the accident or claim, and so we continue our analysis to the second step under *Ferrando*, regarding whether Nationwide was prejudiced by the breach of the prompt-notice provision. Russo claims that even though Nationwide is given the presumption of prejudice, she has rebutted the presumption by presenting evidence that showed otherwise, and asserts that the trial court erred when it concluded that Nationwide was prejudiced when there was no evidence submitted to support that finding.

{¶ 16} This court is not persuaded by appellant's argument. First, in the eight years between the accident and notifying Nationwide of her claim, Russo underwent three surgeries on her shoulder, which deprived Nationwide of the chance to investigate any shoulder injury caused by the accident and the possibility of a preexisting condition of hyperflexibility in Russo's shoulder. Russo testified that the hyperflexibility in her joints was discovered after the accident, and no medical information or documentation regarding a preexisting condition in her shoulder was ever available. Russo also claimed to have suffered lower-back problems, including a pinched nerve from a sports injury, before and after the accident, which she recovered from approximately one year after the accident. Her injury to her left hip also healed approximately one year after the accident. Russo's headaches and neck problems still cause her pain, according to her testimony.

{¶ 17} Additionally, Russo also testified that she sustained a variety of stomach problems because of the accident, and that after the accident, she was treated at hospitals and underwent numerous diagnostic tests, but was never given a diagnosis for her stomach pain. She had two bouts of pancreatitis and had her gall bladder removed, but stated that "the physicians didn't necessarily know if it was [related to the accident.]" Russo testified that she had suffered from stomach problems prior to the accident, as well, and recovered from her stomach problems sometime in 1997 or 1998, five years after the accident.

{¶ 18} We conclude that Nationwide was prejudiced as a result of the eight-year delay in notifying the insurer that a claim would be pursued for Russo's injuries. Specifically, Nationwide was deprived of the opportunity to investigate any of Russo's prior injuries or medical evaluations, had no opportunity to conduct its own independent medical evaluation, and was unable to get a clear, accurate, and timely assessment of the full scope of Russo's injuries. Because Russo testified that she experienced discomfort, pain, or problems in her lower back and stomach prior to the accident, Nationwide is unable to assess how the accident in November 1993 affected any possible medical conditions that Russo might have suffered from. Furthermore, to conduct a medical examination eight

years after an accident would be fruitless, especially when Russo testified that she no longer suffers from many of the injuries or the pain that she experienced in the years prior to her claim.

{¶ 19} We agree with Nationwide's argument that the issue of prejudice goes beyond the mere economics of a claim. In *Ferrando,* the court went on to explain that one of the purposes of the notice provision is to afford insurance companies a meaningful opportunity to investigate in order to protect its interests:

> Notice provisions in insurance contracts serve many purposes. Notice provisions allow the insurer to become aware of occurrences early enough that it can have a meaningful opportunity to investigate. *Ruby v. Midwestern Indemn. Co.* (1988), 40 Ohio St.3d 159, 161, 532 N.E.2d 730, 732. In addition, it provides the insurer the ability to determine whether the allegations state a claim that is covered by the policy. It allows the insurer to step in and control the potential litigation, protect its own interests, maintain the proper reserves in its accounts, and pursue possible subrogation claims. Further, it allows insurers to make timely investigations of occurrences in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims. (Citations omitted.)

Id., 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, at ¶ 77, quoting *Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau* (2000), 88 Ohio St.3d 292, 302–303, 725 N.E.2d 646. The eight-year delay between the accident and Russo's notifying Nationwide of a claim prevented Nationwide from conducting any sort of meaningful investigation regarding Russo's health and injuries. In *Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau* (2000), 88 Ohio St.3d 292, 300, 725 N.E.2d 646, the court stated that although the question of late notice is usually a question for the jury, "an unexcused significant delay may be unreasonable as a matter of law." Because Russo has not presented any excuse for the eight-year delay in notifying Nationwide of a claim, we find the amount of time that has passed to be significant and that the delay has resulted in prejudice to Nationwide. We agree with the trial court that Russo failed to meet her burden of producing sufficient evidence to rebut the presumption of prejudice resulting from her breach of the prompt-notice provision.

{¶ 20} We overrule Russo's first and second assignments of error and affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

WHITMORE, J., concurs.

CARR, J., dissents.

540

CARR, Judge, dissenting.

{¶ 21} I respectfully dissent because as I believe that Russo has met her burden of producing sufficient evidence to rebut the presumption of prejudice resulting from her breach of the prompt-notice provision. This case is no different from *Alexander v. Erie Ins. Co.*, 9th Dist. No. 21505, 2003-Ohio-4785, 2003 WL 22093222. In *Alexander*, this court held that the insured had rebutted the presumption of prejudice to the insurer (after a ten-year delay in providing notice) by submitting an affidavit to show that the tortfeasor was bankrupt. Id. at ¶ 10–11. This court relied on *Franklin v. Am. Mfrs. Mut. Ins. Co.*, 8th Dist. No. 81197, 2003-Ohio-1340, 2003 WL 1356016, reversed on other grounds, *In re Uninsured & Underinsured Motorist Coverage Cases*, 100 Ohio St.3d 302, 2003-Ohio-5888, 798 N.E.2d 1077, wherein the court held that an issue of fact remains when a party produces evidence to show that an insurer was not prejudiced in a delayed-notice case when the tortfeasor was uninsured and insolvent.

{¶ 22} Moreover, Nationwide admitted the liability of the tortfeasor here and basically argues that it is prejudiced due to *possible* problems in evaluating Russo's medical claims. Russo, however, has waived any claims to recovery other than her left shoulder. Mere possibilities do not establish actual prejudice. Because I believe that Russo has met her burden to rebut the presumption of prejudice to Nationwide, I believe that an issue of fact remains. I would reverse and remand.