DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jean A. Mann ("Mann"), appeals from the decision of the Stark County Court of Common Pleas, which granted summary judgment to Appellee, attorney Dennis R. Clunk ("Clunk"). We reverse and remand.
 {¶ 2} Mann and her husband, now deceased, retained Clunk, a duly-licensed attorney at law, to represent them in the preparation of a land installment contract regarding the sale of their duplex and the attached property to their tenants, Edward and Nellie Mitchell ("The Mitchells"). The land contract was executed on April 12, 2001, when all of the parties met with Clunk at his office.
 {¶ 3} On December 12, 2003, two years after the execution of the land installment contract, the Manns received a letter from an attorney representing the Mitchells regarding the discovery of hazardous materials and substances, including lead-based paint, on the premises. The letter stated that the Manns had violated both state and federal law when they did not disclose their knowledge regarding the presence of lead-based paint.
 {¶ 4} Jeanne Mann filed a complaint for legal malpractice, including breach of contract, breach of fiduciary duty and negligence, against Clunk on December 14, 2004. Mann's complaint focuses on the scope of representation by Clunk, in which she contends that Clunk was to represent her in "all legal aspects associated with the preparation, representation counseling and advice" related to the land contract, coupled with Clunk's failure to assist and advise her in the preparation of the required disclosure forms.[1]
 {¶ 5} On March 24, 2005, Clunk filed a motion for summary judgment, which included his affidavit stating that all legal services rendered by him in the representation of Mann and her husband were carried out in a diligent, careful and prudent manner. In his affidavit, Clunk stated it was his custom to provide his clients with the required hazardous material disclosure forms when rendering this type of legal services. Clunk further asserted that if he had given the forms to the Manns, as was his custom, the fact that the Manns did not bring the disclosure forms to his office on April 12, 2001, meant they were unaware of any lead paint.
 {¶ 6} Mann opposed the motion for summary judgment with her own affidavit contesting the statements Clunk set forth. The trial court granted Clunk's summary judgment motion on April 15, 2005.
 {¶ 7} Mann timely appealed, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred as a matter of law and to the prejudice of [Appellant] by improperly granting summary judgment when there are genuine issues of material fact."
 {¶ 8} In her sole assignment of error, Mann asserts that the trial court erred when it granted summary judgment to Clunk because there were genuine issues of material fact remaining in dispute as to the scope of Clunk's representation. We agree.
 {¶ 9} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Unlike an abuse of discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C); Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2.
 {¶ 10} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 11} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 12} Considering the foregoing legal standard, this Court cannot conclude that Clunk's affidavit was sufficient enough to provide the trial court a proper basis for granting him summary judgment. Clunk's affidavit states, in part:
"In April of 2001, Dave Mann contacted my law office requesting that I prepare a land installment contract for him for the sale of [the property.]
* * *
"When Dave Mann requested these legal services be performed, it was our custom to provide residential property disclosure forms including disclosure for lead based paint hazards.
"[The parties] appeared at my office to execute the land installment contract on April 12, 2001. During that appointment, the Manns did not bring with them the lead based paint disclosure form, and therefore it was assumed they were unaware of the presence of lead based paint or lead based hazard on the property which they were selling.
"At no time was I made aware David Mann or Jean Mann had knowledge with regard to the presence of lead based paint at [the property]. If I was made aware of their knowledge of the presence of lead based pain, I would have required as part of the land transaction a lead based paint disclosure form as an attachment to the land installment contract."
When reading Clunk's affidavit, this Court is unable to determine what exactly the scope of Clunk's representation of the Manns was, thus leaving a genuine issue of material fact to be determined. Based on the affidavits from both parties, there is a great deal of speculation as to whether or not he was to represent them solely in the action of drafting the land contract, or if his "legal services" meant he was to represent them regarding everything that had to do with the land installment contract.
 {¶ 13} When a party moves for summary judgment and has included an affidavit in support of the motion, the burden then shifts to the opposing party to respond with an affidavit, or as otherwise provided in Civ.R. 56(C), setting forth specific facts regarding why a genuine issue of material of fact still exists.Jackson v. Alert Fire Safety Equip. Inc., (1991),58 Ohio St.3d 48, 52. However, Clunk's affidavit does not speak to the scope of his representation, but merely states that his opinion was that his representation relationship with the Manns concluded on April 12, 2001. While this Court does not dispute this statement, the central issue is the scope of his representation. It is our belief that if it was indeed Clunk's custom to provide his clients with disclosure forms whenever he handled transactions of this nature, as he stated in his affidavit, then the scope of his legal services is at issue and we are unable to agree with the trial court that there is no genuine issue of material fact remaining.
 {¶ 14} We reverse the decision of the Stark County Court of Common Pleas and remand this matter for further action consistent with these proceedings.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Stark, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, J. Concurs.
Carr, J. Concurs in Judgment Only.
[1] The representation agreement between Clunk and the Manns was not part of the record for appellate review.