JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Janet M. Roth ("Roth") appeals the decision of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendants-appellees Ponderosa Steakhouse, et al. ("Ponderosa").
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} Roth dined at Ponderosa on a Sunday afternoon in April 1997. Roth left the restaurant and walked down a handicap ramp outside the restaurant. She slipped and fell while walking down the ramp and was injured. She filed a complaint against Ponderosa alleging negligence in preventing an unnatural accumulation of ice from forming on the handicap ramp causing her fall and injury. Ponderosa filed a motion for summary judgment which was granted. Roth appeals that ruling, advancing one assignment of error for our review.
 {¶ 4} "The trial court erred by failing to find a genuine issue of material fact as to whether plaintiff-appellant's fall and injuries were proximately caused by an unnatural accumulation of ice created by defendant-appellee Ponderosa Steakhouse."
 {¶ 5} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1.
 {¶ 6} The Ohio Supreme Court clarified the summary judgment standard, ruling that the moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim. In addition, the nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C), showing a genuine issue for trial exists. Dresher v. Burt
(1996), 75 Ohio St.3d 280.
 {¶ 7} Roth asserts that there remains a factual dispute between the parties as to whether "the construction of [Ponderosa's] ramp created an unnatural accumulation of ice in the weather conditions of April 13, 1997."
 {¶ 8} Roth supports this assertion by citing the testimony of Ponderosa employee Phyllis Redeemer ("Redeemer"). However, Redeemer merely acknowledged, under questioning from Roth's counsel, that the end of the sidewalk and the beginning of the ramp were not level. She also conceded that water flows downhill. Redeemer was not aware on April 13, 1997 that Roth had fallen while leaving the restaurant. Redeemer did not provide any testimony as to the condition of the ramp that day.
 {¶ 9} Roth cites her own deposition testimony where she makes various references to the weather conditions the day of her visit to the restaurant. Although she noticed, generally, that it was raining and sleeting on her trip to the restaurant and while she was in the restaurant, when questioned about the condition of the ramp upon which she fell, she replied, "I don't remember."
 {¶ 10} She did recall that the ramp was wet. She could not recall how many steps she took down the ramp before she fell. She could not estimate how many feet she had walked down the ramp prior to falling. She could not estimate how far she was from the bottom of the ramp before she fell. After her fall, she admitted that she did not look at the ramp to determine what caused her to fall.
 {¶ 11} From Roth's testimony it is clear she cannot determine what caused her fall. She is not asserting that an unnatural accumulation of ice caused her fall because she does not know. Her argument here is that because of the allegedly defective design of the uneven intersection of the sidewalk and ramp, an unnatural accumulation of ice could haveoccurred causing her fall. "An accumulation of ice does not become unnatural merely because of a party's assertion." Theobald v. NormandyTowers (Apr. 8, 1993), Cuyahoga App. No. 62106. Even were we to accept her assertion, without any testimony or facts, that an unnatural accumulation of ice did occur there, Roth offered no facts to indicate that she fell at the location of the unnatural accumulation.
 {¶ 12} In Clinger v. Duncan (1957), 166 Ohio St. 216 at 223, the Supreme Court defined proximate cause as follows: "the term `proximate cause' is often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, where an original act is wrongful or negligent and in natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability."
 {¶ 13} The mere speculation by Roth in her appellate brief that the uneven intersection of the sidewalk and ramp created an unnatural accumulation of ice is insufficient to establish the necessary proximate cause. "However, without more evidence (either through expert testimony or evidence so distinct that a layperson can see the unnatural accumulation without the aid of an expert) we cannot find that uneven pavement, standing alone, result[s] in an unnatural accumulation of ice."Peck v. Hamptons (Dec. 7, 2000), Cuyahoga App. No. 77449. Therefore, we cannot say the proximate cause of Roth's injury was an unnatural accumulation of ice.
 {¶ 14} As in Peck, Roth offered no expert testimony. And her testimony was not so distinct that a layperson could determine the existence of the unnatural accumulation without the aid of an expert. Roth was required to show by expert testimony that a defect in the sidewalk resulted in an unnatural accumulation of ice and the unnatural accumulation was the proximate cause of her fall and injuries. She failed to allege any facts to establish either.
 {¶ 15} Roth's sole assignment of error is overruled.
Judgment affirmed.
COLLEEN CONWAY COONEY, P.J., AND ANTHONY O. CALABRESE, JR., J.,CONCUR.