{¶ 107} I respectfully dissent, in part, from my learned colleagues in the majority. I believe that appellants, Castle Hill Holdings, et al., failed to show that the lower court acted improperly.
 {¶ 108} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 109} Based on the evidence presented, I find that Castle Hill Holdings failed to establish any genuine issue of material fact regarding Count IV of plaintiffs' complaint. I find the lack of evidence in the restaurant lease between Midland and Castle Hill to be significant.
 {¶ 110} Accordingly, I do not believe that the lower court erred in its award of summary judgment to Midland II and Midland III. Nor do I find error on the part of the lower court in its Civ.R. 12(B)(6) dismissal of the remaining claims.
 {¶ 111} Accordingly, I would affirm the lower court's decision in its entirety.