DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Carl Ralston ("Ralston") and Carl Ralston Insurance Agency, Inc., appeal from an order of the Summit County Court of Common Pleas granting summary judgment in favor of Appellees, Nationwide Mutual Insurance Co. and seven of its affiliates (collectively, "Nationwide"). We affirm.
 I. {¶ 2} Ralston owned and operated Carl Ralston Insurance Agency, Inc., as an independent contractor insurance agency for Appellees. Appellants entered into two separate agreements with Appellees: an "Agent's Agreement" between Ralston and Nationwide and a "Corporate Agency Agreement" between Carl Ralston Insurance Agency, Inc. and Nationwide. The contracts provided for Ralston to earn certain credits, for which he would be compensated after either party cancelled the contracts. By Appellants' estimates, Ralston accumulated approximately $200,000 in "Deferred Compensation Incentive Credits" from Appellees while working as a Nationwide agent, plus approximately $250,000 in "Extended Earnings" — essentially commissions for policy renewals. Both agreements provided, however — in Section 11(f) of the Agent's Agreement and Section 12(f) of the Corporate Agency Agreement — that Nationwide would not be required to pay this compensation if Appellants engaged in the insurance business in competition with Nationwide within one year after cancellation and within a 25 mile radius of Appellants' business location at the time of cancellation. Furthermore, Nationwide would not be required to pay the compensation if Appellants attempted to induce or assist any Nationwide customers in canceling or replacing their Nationwide policies.
 {¶ 3} Appellants sent a letter of resignation to Appellees in July 1999, following a series of disputes between the parties. After some negotiation between the parties, Appellees promised to rectify certain complaints made by Appellants, and Appellants withdrew the letter of resignation. The parties then entered into an agreement on July 28, 1999, releasing them from all claims against each other, including claims for any involvement that Appellants may have had with competing insurance companies through August 3, 1999.
 {¶ 4} Appellants again resigned as Nationwide agents in April 2000, claiming that Nationwide had not resolved the disputes between the parties as promised. Appellants also sent letters to their clients, stating that the agency was becoming an independent agency and would now handle insurance policies from a variety of companies. The letters further stated that Appellants would contact the clients with quotes for other insurance companies — Nationwide's competitors-and that Appellants hoped to continue serving their clients through those other companies. As a result of these efforts, Appellants kept approximately 60 percent of their former Nationwide clients, servicing them through Nationwide's competitors.
 {¶ 5} Appellees determined that Ralston was ineligible for the Deferred Compensation Incentive Credits and the Extended Earnings because Appellants had begun selling insurance for Nationwide's competitors and had induced some of Nationwide's customers to switch to competing insurance companies. Appellants filed suit for breach of contract, promissory estoppel, misrepresentation and fraud, and spoliation. As to the breach of contract claim, Appellants alleged in part that Appellees failed to pay the Deferred Compensation Incentive Credits and the Extended Earnings as required by the Agent's Agreement. Appellees moved for summary judgment, claiming that they were not obligated to compensate Appellants, and Appellants moved for partial summary judgment. The trial court granted Appellees' motion. Appellants filed this appeal, asserting two assignments of error.
 II. First Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AND IN DENYING APPELLANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT."
 Second Assignment of Error
"THE TRIAL COURT ERRED IN FINDING THAT THE NON-COMPETITION CLAUSE CONTAINED IN THE AGENT'S AGREEMENT AND CORPORATE AGENCY AGREEMENT WAS VALID AND ENFORCEABLE."
 {¶ 6} From Appellants' brief, it is apparent that their first assignment of error is entirely premised upon the more specific arguments asserted in the second assignment of error. Consequently, we will combine the two assignments of error for review.
 {¶ 7} Appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105; Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} Relying on Plazzo v. Nationwide Mut. Ins. Co. (Feb. 14, 1996), 9th Dist. No. 17022, at *5-6, the trial court in this case found that the non-competition clauses were reasonable as a matter of law and were therefore valid and enforceable. Based on the undisputed fact that Appellants competed against Nationwide, the court found that the non-competition clause precluded Appellants from recovering payment for the Deferred Compensation Incentive Credits and the Extended Earnings.
 {¶ 9} In Plazzo, this Court considered a non-competition clause that was identical to the one at issue in the present case. The Court held as a matter of law that the one-year restriction against working for other insurance companies within a 25 mile radius was a reasonable restriction that protected Nationwide's legitimate business interests and that the restriction did not cause any undue hardships for the agent, because the agent could either work for competing insurance companies outside the 25 mile radius or continue working as an agent for other companies within the 25 mile radius and merely forfeit the commissions. Id. at *5, citingJames H. Washington Ins. Agency v. Nationwide Mut. Ins. Co. (1993), 95 Ohio App.3d 577, 588; see, also, Raimonde v. Van Vlerah (1975),42 Ohio St.2d 21, 25-26 (holding that non-competition agreements are enforceable to the extent that they are reasonable and protect a party's legitimate business interests).
 {¶ 10} Appellants argue that the trial court failed to consider whether the non-competition provisions amounted to an impermissible penalty rather than a liquidated damages provision. A liquidated damages provision is enforceable if it does not penalize a breaching party but operates as a fair assessment of damages. Darrow v. Kolczun (Mar. 6, 1991), 9th Dist. No. 90CA004759, at *3. A court will normally uphold a liquidated damages provision if the actual damages would be difficult to ascertain or prove, "the contract as a whole is not so manifestly unreasonable and disproportionate as to justify the conclusion that it does not express the true intention of the parties," and "the contract is consistent with the conclusion that it was the intention of the parties that the damages in the amount stated should follow the breach."Jones v. Stevens (1925), 112 Ohio St. 43, 49. Conversely, if the provision does not provide "reasonable compensation for actual damages," the liquidated damages provision will be held to be an unenforceable penalty. Darrow, supra at *3. According to Appellants, the loss of all Deferred Compensation Incentive Credits and Extended Earnings as a result of their competition constituted such an excessive measure of damages that it effectively acted as a penalty rather than merely compensating Appellees for the damage incurred from Appellants' competition.
 {¶ 11} Contrary to Appellants' assertions, the non-competition provisions in this case were neither liquidated damages nor penalties, but mere conditions subsequent. A condition subsequent is "`any fact the existence or occurrence of which, by agreement of the parties, operates to discharge a duty of performance after it has been absolute.'"Plazzo, at *3, quoting Calamari and Perillo, Contracts (1970), 227, Section 140. In this case, Appellees had a duty to perform by paying Appellants for their Deferred Compensation Incentive Credits and their extended earnings. Appellees' respective agreements with Appellants provided that this duty would be discharged if Appellants competed with Appellees within a 25 mile radius and within one year after termination of the contracts.
 {¶ 12} Under the contracts, however, such competition by Appellants with Nationwide would not constitute a breach of contract. Appellees could not sustain a breach of contract claim against Appellants for their conduct, as the contracts did not prohibit the conduct or require Appellants to compensate Appellees for damage caused by the conduct[1]. The conduct merely discharged Appellees'
 {¶ 13} Appellants cite Jones to support their proposition that the trial court should have applied the penalty analysis. The contract at issue in Jones provided for the defendant to operate a restaurant on behalf of the plaintiff and to pay $5,000 in damages if he discontinued operating the restaurant. Jones, 112 Ohio St. at 48. Jones therefore involved a true liquidated damages provision. It was not a case, as in the present matter, where an action of one party relieved the other party of a previously vested obligation; rather, the action of the defendant in Jones created a new obligation for the defendant to pay $5,000 to the plaintiff, for which the defendant could be sued if he failed to comply. Id. Because the contract provided for the defendant to pay damages as a result of his own actions, it was proper in that case to analyze whether the liquidated damages provision was an impermissible penalty. Furthermore, in a case where a contract imposes liquidated damages for a breach of a non-competition covenant, it may be appropriate for the court to analyze both whether the non-competition covenant is reasonable and whether the liquidated damages provision constitutes an improper penalty. The facts of such a case would raise both of these separate and distinct issues: the validity of the covenant itself and the validity of the remedy. See Darrow, supra, at *2-3. In the present case, however, no issue of liquidated damages exists. Therefore, the trial court had no reason to analyze the validity of liquidated damages.
 {¶ 14} Appellants give no other argument as to why the non-competition provisions are unenforceable or why summary judgment was improperly granted in this case. It is undisputed that Appellants competed with Nationwide, as described in sections 11(f) and 12(f) of their respective agreements, and we have determined as a matter of law that no issue of liquidated damages exists in this case; therefore it cannot be a basis for finding that the non-competition provisions are unenforceable. Therefore, we find no error in the trial court's determination that the non-competition provision was enforceable and that it discharged Appellees' duty to pay the Deferred Compensation Incentive Credits and the Extended Earnings. The trial court properly granted Appellees' motion for summary judgment. Both assignments of error are overruled.
 III. {¶ 15} Both assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
WHITMORE, P. J. MOORE, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Section 12 of the Agent's Agreement does specifically prohibit such conduct by an agent who cancels the agreement within fiveyears of the date of his first contract as a Nationwide agent and expressly provides for attorney fees in a suit for damages or an injunction in such a case. Appellant was a Nationwide agent from 1984 to 2000. Therefore, this provision is not applicable to the present case. It is noteworthy, however, that this provision specifically restricts competition only by those who have served as Nationwide agents for less than five years, whereas section 11(f) applies to all agents and merely provides that they will not receive certain compensation if they compete with Nationwide. By the contract's plain language, the agent promises not to compete if he cancels the obligation to pay the Deferred Compensation Incentive Credits and the Extended Earnings. A liquidated damages provision provides for a party that breaches a contract to pay damages in an amount agreed upon by the parties. See Lake Ridge Academyv. Carney (1993), 66 Ohio St.3d 376, 381. Likewise, a punitive remedy, which is not enforceable, exists where a liquidated damages clause "subjects the breaching party to a liability disproportionate to the damage which could have been anticipated from breach of the contract." (Emphasis added and internal quotes omitted.) Id. contract within five years of becoming a Nationwide agent, but the promise does not extend beyond that five year limit. Thus, an agent who engages in competition after the five years have passed, as Ralston did, has not breached his promise and is not liable for damages, even though he has expressly agreed to forfeit certain compensation. This distinction in the terms of the contract highlights the difference between liquidated damages and a condition subsequent.