JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Don-Pre Development Corp. (Donald P. Prebis, President), appeals from the trial court's decisions to deny summary judgment to appellant on its complaint, and, instead, to grant summary judgment on each claim to defendants-appellees Michael P. Jacobs and his wife, Linda M. Jacobs.
 {¶ 2} In its complaint, appellant sought a declaratory judgment that the Jacobs could not enforce their "right of first refusal" with respect to a parcel of real estate, and further, sought to quiet title to that parcel.
 {¶ 3} Appellant's first two assignments of error present alternative arguments. First, appellant asserts that the trial court wrongly concluded the agreement that contained the "right of first refusal" did not violate R.C. 2131.08(A),[1] and, thus, *Page 2 
appellant was entitled to summary judgment on its complaint. On the other hand, appellant also asserts the trial court failed to recognize the existence of genuine issues of material fact concerning the enforcability of that clause, thus, the Jacobs were not entitled to summary judgment on appellant's claims.[2]
 {¶ 4} Similarly, appellant presents two more assignments of error in which it argues, should this court determine that the enforcability of the "right of first refusal" was in question, that it nevertheless was entitled to summary judgment on the Jacobs' counterclaims of fraud and equitable estoppel.[3]
 {¶ 5} This court has reviewed the record in this case, and finds the trial court correctly determined that there were no genuine issues of material fact and that the Jacobs were entitled to summary judgment on appellant's claims. Therefore, appellant's first assignment of error is overruled. This consequently renders the second assignment of error without merit, and the third and fourth assignments of error moot. The trial court's orders are affirmed.
 {¶ 6} The essential facts are not in dispute. As set forth in appellant's complaint, in 1988 appellant purchased a large tract of land in Strongsville, Ohio, located along Prospect Road. A short time later, appellant, through "an overlapping *Page 3 
directorate and management team," incorporated an entity called "Stonecrest Homes II." Stonecrest acted as appellant's builder and developer for construction of a housing development known as "Sterling Point" on a portion of the property.
 {¶ 7} In 1991, the Jacobs became interested in Sterling Point. Sub-lot 46,
 {¶ 8} 20903 Sterling Way, attracted their interest because undeveloped land abutted the rear of the property, buffering it from Prospect Road. The Jacobs eventually entered into a "Purchase Agreement" with Stonecrest for a house to be built on that lot. According to the relevant portion of the Purchase Agreement, which was a "form" document with handwritten, initialed notations added, the Jacobs purchased the property from "Stonecrest Homes II, Inc. * * * together with all * * * conditions thereon * * *, if any" for the sum of $199,640.00.
 {¶ 9} Paragraph 13 of the Purchase Agreement, entitled "Offer and Acceptance," stated in pertinent part as follows: "This agreement shall constitute an irrevocable offer by PURCHASER to BUILDER subject to BUILDER'S acceptance * * *. Upon acceptance, this agreement shall constitute a contract for the purchase and sale of said property asherein provided and shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of the respective parties. This agreement constitutes the complete agreement between the parties and no modification of this agreement shall be binding unlessin writing and executed by the parties." (Emphasis added.) *Page 4 
 {¶ 10} To the foregoing form was attached an "ADDENDUM III." This typewritten document indicated it was for "EXTRAS ADDED TO CONTRACT" for an additional price. After the word "PURCHASER" were the names "Michael Linda Jacobs." Under the heading "INCLUDES:" was stated, "Additional land: for property located behind sublot #46 approximately 207' x 155' above named purchasers have the option of first right of refusal should builder decide to build on property or sell to another purchaser. The option amount shall be in the amount offered * * * [to] builder $9000.00."
 {¶ 11} The addendum was signed by Michael P. Jacobs, "PURCHASER," and Linda M. Jacobs, "PURCHASER," and by "Donald P. Prebis" on behalf of Stonecrest Homes II, Inc. In its complaint, appellant acknowledged in paragraph 15 that the foregoing addendum was executed by Stonecrest with appellant's "consent, and intention to be bound thereby."
 {¶ 12} When the Sterling Point development had been completed, appellant decided to dissolve Stonecrest Homes. The record reflects that on April 12, 2005 appellant sent a letter to the Jacobs which stated in pertinent part the following:
 {¶ 13} "The contract to build your home is now over 14 years old * * *. On the chance that it * * * remains enforceable, we need to remove [the] Addendum * * * purchase right, in order to fully close out Stonecrest Homes II, Inc. *Page 5 
 {¶ 14} "* * * [W]e would be willing to pay you a consideration of $750 to cancel your purchase right.* * *"
 {¶ 15} Since the Jacobs declined to accept the foregoing offer, appellant filed the instant action. Appellant presented two claims. The first sought a declaration from the trial court that Addendum III violated R.C. 2131.08(A) and was therefore void. The second sought the trial court to "quiet title," freeing the parcel from the Jacobs' "alleged right of first refusal."
 {¶ 16} After the Jacobs responded to the complaint with an answer, they requested leave to file an amended answer that included two counterclaims against appellant, alleging fraud and equitable estoppel with respect to the "right of first refusal." The trial court was still considering the request when appellant filed a motion for summary judgment on its complaint.
 {¶ 17} Appellant argued that no issue of material fact was "in dispute as regards the terms of the right of first refusal * * * or as regards the terms of the purchase agreement into which that right * * * is incorporated." Thus, "purely legal issues" were involved in the case. Appellant asserted the Jacobs' "right of first refusal" was "null and void," therefore, it was entitled to judgment as a matter of law.
 {¶ 18} According to appellant, Addendum III was required to be incorporated into the terms of the "Purchase Agreement," which, pursuant to paragraph 13, was made "binding on the heirs, executors, administrators, successors and assigns" of *Page 6 
the parties, without exception. Appellant contended the contract thus conferred a "potential for perpetuity" which violated the terms of R.C.2131.08(A).
 {¶ 19} Subsequently, the trial court granted the Jacobs' request for leave to file their amended answer with counterclaims. Appellant responded with a motion to dismiss the counterclaims, arguing that neither counterclaim legally was appropriate.
 {¶ 20} At this juncture, the Jacobs filed a brief in opposition to appellant's motion for summary judgment. They argued the terms of Addendum III clearly were personal to them, and, consequently, complied with R.C. 2131.08(A).
 {¶ 21} Despite appellant's reply brief filed in support of its motion, the trial court thereafter issued a journal entry in which it agreed with the Jacobs' interpretation of the contract between the parties. The trial court denied appellant's motion for summary judgment. The court, however, indicated the matter was not fully resolved, because the Jacobs were permitted to file a cross-motion for summary judgment on the remaining issues raised in the case.
 {¶ 22} Thus, the Jacobs filed their own motion for summary judgment with respect to appellant's claims. Pointing to the language of the Purchase Agreement, the Jacobs argued it referred only to sublot #46. They further argued that since Addendum III, on the other hand, referred to the property behind sublot #46, and specifically named them as the purchasers of the "right of first refusal" with respect *Page 7 
to that property, the right was personal to them and, thus, did not violate R.C. 2131.08(A).
 {¶ 23} In its brief in opposition to the Jacobs' motion, appellant changed its earlier position. Appellant at this point argued the contract between the parties was "ambiguous" as to their intent with respect to the "right of first refusal." In support of this new tact, appellant submitted Donald Prebis' affidavit. Prebis stated, in pertinent part, that when he drafted the Purchase Agreement and Addendum III, he "understood" that the Jacobs wanted the rights in both to be "binding on the parties' heirs and assigns," so that the Jacobs "and their heirs and assigns, would enjoy the use of 20903 Sterling Way with a right to preserve a land buffer behind it."
 {¶ 24} Ultimately, the trial court granted summary judgment to the Jacobs on appellant's complaint. In its journal entry and opinion, the court determined, in pertinent part, that the "right of first refusal" was personal to the Jacobs because its terms did not extend to their heirs or assigns. On this basis, the "right of first refusal" was valid, and appellant was not entitled to quiet title in the real property. The decision rendered the Jacobs' counterclaims "moot;" therefore, the counterclaims were dismissed with prejudice.
 {¶ 25} Appellant appeals from the trial court's decision with four assignments of error. *Page 8 
 {¶ 26} Appellant's first two assignments of error present mutually exclusive arguments. While it initially asserts that the trial court erred in denying summary judgment to appellant on its claims, it asserts, "alternatively," that genuine issues of material fact existed that precluded an award of summary judgment. This court finds neither assertion persuasive.
 {¶ 27} Civ.R. 56(C) makes summary judgment appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1. Appellant acknowledges that the construction of "instruments of conveyance is a question of law, and, accordingly, may be resolved by summary judgment." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph one of the syllabus.
 {¶ 28} Appellant further acknowledges that a contract must be construed as a whole, with the intent of the parties determined from the entire instrument. A review of the entire agreement between the parties in this case demonstrates the trial court correctly construed the "right of first refusal" to be strictly personal to the Jacobs. The right was not subject to the provisions contained in paragraph 13 of the Purchase Agreement, therefore, it did not violate R.C. 2131.08(A).
 {¶ 29} In Stratman v. Sheets (1989), 60 Ohio Ap.3d 71 at 73, the court stated the law that applies to "rights of first refusal" as follows: if a preemptive right to purchase real estate is personal to a life in being, and does not extend beyond his *Page 9 
lifetime, the potential for a perpetuity does not exist. "To determine if a presumptive right is personal to either the grantee or the grantor, * * *, look exclusively to the language of the contract." Id., at 73-74.
 {¶ 30} Reviewing courts thus are directed to determine whether the language granting the preemptive right either "states that the right extends to the heirs or assigns of either party, or otherwiseindicates that the parties intended the contract to be binding beyond either of their lives. Absent such language, the preemptive right is deemed to be personal." Id., at 74. (Emphasis added.)
 {¶ 31} The foregoing test is presented in the disjunctive. Therefore, when one part is extant, the other part need not be.
 {¶ 32} In this case, Addendum III was made separately from the Purchase Agreement, which, by its terms, pertained to sublot #46, i.e., "said property." Paragraph 13 of the Purchase Agreement required "modifications" to the terms of the Purchase Agreement to be made "in writing and signed by the parties." In accordance with that requirement, Addendum III was added.
 {¶ 33} That separate document pertained to the buffer property, was signed solely by Michael and Linda Jacobs as "purchasers," was supported by separate consideration, and had no provision which extended the purchaser's right of first refusal to heirs and assigns. Thus, since the modification failed to so "state," in *Page 10 
"writing, and signed by the parties," pursuant to the terms of the Purchase Agreement itself, the preemptive right remained personal to the Jacobs.
 {¶ 34} Under these circumstances, the provision did not violate R.C.2131.08(A). Consequently, the trial court correctly determined the Jacobs were entitled to summary judgment on appellant's claims.
 {¶ 35} Appellant's first assignment of error, accordingly, is overruled.
 {¶ 36} The foregoing disposition, which demonstrates no genuine issues of material fact existed in this case, necessarily renders appellant's "alternative" argument, as presented in its second assignment of error, baseless. Therefore, appellant's second assignment of error also is overruled.
 {¶ 37} Appellant's remaining two assignments of error are moot. App.R.12(A)(1)(c).
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] This statute codifies what is commonly referred to in property law as the "rule against perpetuities." In pertinent part, it states that no interest in real property shall be good "unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest."
[2] Incidentally, appellant seeks, in presenting its third and fourth assignments of error to this court, to ensure the trial court's order dismissing the Jacobs' counterclaims remains intact.
[3] See footnote 2. *Page 1